The CENTURY STATE BANK, a Missouri Banking Corporation, and David Babel, Individually and as Correspondent and Agent for Century State Bank and for the Individual Shareholders of the Century State Bank, Appellants,

v.

STATE BANKING BOARD OF MISSOURI and its Individual members et al., Respondents.

No. KCD 26823.

Missouri Court of Appeals, Kansas City District.

May 5, 1975.

Motion for Rehearing and/or Transfer Denied June 2, 1975.

Application to Transfer Denied July 14, 1975.

Robert Hines, Bear, Hines & Thomas, Columbia, for appellants.

Raymond C. Lewis, Jr., David B. Rogers, Smith, Lewis & Rogers, Columbia, for respondents.

Before WASSERSTROM, P. J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Century State Bank (Century) appeals from the judgment of the circuit court affirming an order made by the State Banking Board (Board) which revoked the bank charter granted to Century by the Commissioner of Finance.

An appeal from the granting of the bank charter by the Commissioner of Finance was taken to the State Banking Board by the four existing banks in Columbia, Missouri, and by the State Bank of Hallsville. Century intervened in such appeal and thereby became a party.

It was proposed that Century would become the fifth bank in Columbia and would be located in the north part of town on the road between Columbia and Hallsville. Hallsville is located 11.8 miles northeast of Columbia and this accounts for the interest of State Bank of Hallsville in a charter being granted to Century. The Board held two days of hearings which comprises a transcript of 541 pages. Thereafter the Board entered the following order:

Upon consideration of the record before the Commission and evidence adduced at the hearing the Board finds and concludes:

That the record and evidence adduced does not support a finding that the convenience and needs of the community to be served justify and warrant the issuance of a charter to applicant. Columbia is presently served by four banks, with three separate facilities and another facility under construction. Considerable expansion of banking facilities in Columbia and Boone County have occurred over the past ten years to meet the needs of an expanding population. The evidence shows that the banking needs of Columbia are being adequately served at this time.

The Legislature has pronounced a public policy of continuing to liberalize the expansion of banking services through separate facilities and the Board takes notice of such policy in reaching this decision.

IT IS, THEREFORE, ORDERED; That the decision of the Commissioner of Finance be and it is hereby reversed and that the charter issued to Century State Bank is hereby revoked and held for naught, with the costs of this appeal assessed against applicant pursuant to Sec. 361.095(2) RSMo 1969.

On this appeal Century makes a point of the failure of the Board to make findings of fact and conclusions of law as required by the Administrative Review Act, § 536.090 RSMo 1969, V.A.M.S. Such Section provides "every decision and order in a contested case shall be in writing, and, . . . shall include and be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order".

The necessity for an administrative agency to make findings of fact and conclusions of law has recently been restated in St. Louis County v. State Tax Commission, 515 S.W.2d 446 (Mo.1974). In that case the court stated at l. c. 452[9, 12], "[i]n the case here for decision there are disputed issues of fact and law which must be resolved by the commission before we may make any pronouncements as a matter of law on the correctness and propriety of the assessor's valuation . . . . 'A court cannot substitute its discretion for the discretion legally vested in the agency, § 536.140, subd. 5, or make a determination of the value of the property and fix the amount of the tax assessment upon record evidence from which different conclusions might be drawn in the exercise of the administrative discretion'."

In the case at bar, the Board heard evidence from a number of witnesses concerning the adequacy of the banking services being rendered to the Columbia area, the growth, or lack thereof, of the new bank, whether or not the University of Missouri would continue to grow, whether or not the City of Columbia would continue to grow, and the effect of the incorporation of a new bank in Columbia on the existing banks in that City together with its impact on the Bank of Hallsville. Included in the evidence were two research reports from each side, one on each side made by a research company, and one on each side made by a professor from the University of Missouri. As may be surmised, the reports offered by each side agreed with one another, but were diametrically opposed to the reports offered by the other side. Thus, the Board was confronted with a great deal of conflicting evidence. Under § 536.140, the scope of judicial review of administrative decisions is generally limited to a determination of whether the order is supported by competent and substantial evidence upon the whole record. To determine if an order is supported by competent and substantial evidence, it is necessary to know which evidence the Board believed and, therefore, found to be true. If the Board had set out the facts it found to be true, then it would be possible for this court to go through the evidence before the Board and decide if such findings and the conclusion based thereon was supported by competent and substantial evidence. However, without such findings, this becomes an impossible task.

Moreover, in appeals from decisions of administrative agencies, it is not permissible to consider that the agency found the facts in accordance with the result reached. In Stephen & Stephen Properties, Inc., v. State Tax Commission, 499 S.W.2d 798 (Mo. 1973) the court stated at l. c. 804[6]:

"Appeal from a tax commission decision is unlike appeal from a judgment in a court tried case where review is de novo and the appellate court may assume that all fact issues on which no findings were

made were found in accordance with the result reached (rule 73.01(b), V.A.M.R.). In administrative review, the court is bound by the agency's findings if supported by competent and substantial evidence and its scope of review is limited. For a court to infer findings from the ultimate decision of an administrative agency, defeats this limited review provision, as it allows the court to find both the law and the facts on appeal."

The court further stated at 804[8, 9]:

"Five practical reasons have been outlined for the requirement of findings by the Model State Administrative Procedure Act which has been enacted in Missouri. These justifications include: (1) the facilitation of judicial review; (2) preventing judicial usurpation of administrative functions; (3) to protect against careless or arbitrary action (the requirement of findings, evokes 'care on the part of the trial judge in ascertaining the facts.'; (4) to help parties plan their cases for rehearing and for judicial review; and (5) to keep the agencies within their jurisdiction. Davis, Adm. Law, Vol. 2, Sec. 16.05 (1958)." (citations omitted).

Beginning at least as early as Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136 (1952), the courts have voiced the necessity for an agency to make findings of fact. The failure of agencies to make adequate findings found expression in the report of the Administrative Law Committee to the Missouri Bar as noted in 29 J.Mo.Bar 563 (1973). In Iron County v. State Tax Commission, 480 S.W.2d 65 (Mo.1972), the court reviewed the necessity of the agency to enter findings of fact and conclusions of law and set out the requirements the findings of fact are expected to meet.

■ It is, therefore, firmly entrenched as a part of the law of this State that not only does the statute require administrative agencies to make findings of fact and conclusions of law, but such is also the mandate of the cases in which this requirement has been discussed.

■ It is too clear to admit of argument that a court cannot be expected to determine whether or not an agency's decision is supported by competent and substantial evidence when the court has only before it the bare ultimate conclusion which the agency reached. The duty of the agency extends well beyond the making of the ultimate decision and includes as well the exercise of its discretion in passing on the credibility of the evidence which it hears and to make a determination as to what part of the evidence it will believe and find to be true and what part it will reject.

■ It should further be noted the ground assigned by the Board concerning the adequacy of banking services already being offered has been held not to be a valid ground for the revocation of a bank charter. Suburban Bank of Kansas City v. Jackson County State Bank, 330 S.W.2d 183 (Mo.App.1959). This is not to indicate any view by this court on the merits of the evidence in this case, but simply to further illustrate the frailty of the order made.

In defending the Board's order in this case, the protesting banks state that Century, in its petition for review filed in the circuit court, did not allege the failure of the Board to make findings of fact and conclusions of law as a ground for review. Cited in support of this proposition are two decisions of this court, Carroll Construction Company v. Kansas City, 278 S.W.2d 817 (Mo.App.1955) and Isgrigg v. Board of Trustees of Policemen's and Fireman's Pension Board, 401 S.W.2d 936 (Mo.App.1966). In *Carroll* this court held in an appeal from a decision from a Board of Zoning Adjustment that the failure of the Board to make findings of fact and conclusions of law would not be considered because the petition filed in the circuit court did not raise such issue nor was any request for conclusions and findings made to the Board. The court stated this was required by Chapter

536, the Administrative Review Act. The holding in *Isgrigg* was to the same effect.

The decision in *Carroll* came prior to May Department Stores Co. v. State Tax Commission, 308 S.W.2d 748 (Mo.1958). In *May* the court held at l. c. 762[20]:

> "[S]tatutes providing the remedy of judicial review (§§ 536.100, 536.110) do not require specific grounds to be stated in the petition . . . .; we find no previous authority requiring such under Chapter 536".

The court concluded that it would consider a claim of error on the part of the agency even though it was not contained in the petition for review filed in the circuit court.

■ It should be noted that the provisions of Chapter 536 do not require any specific allegations of error to be included in the petition for review. Of even greater impact, the requirements of Chapter 536 that the agency make findings of fact and conclusions of law has been stated to be mandatory in State ex rel. Zimmerman v. Moran, 439 S.W.2d 503 (Mo.1969). In addition, such necessity is established by the cases heretofore discussed. In view of the holding in *May*, and the other cases discussed herein, there is no requirement that the failure of an agency to make findings of fact and conclusions of law be included in the petition for review, nor is there any requirement that a request for the same be made to the agency. It follows that *Carroll* and *Isgrigg* should no longer be followed on this point.

It is true the courts of this State have on occasion decided cases in which the findings of fact and conclusions of law were little better, if any, than those in the case at bar. In Central Bank of Clayton v. State Banking Board of Mo., 509 S.W.2d 175 (Mo.App. 1974), the court noted the woeful inadequacy of the findings of fact by the Board but noted the parties had not raised any question concerning it. Likewise, in Marshfield Community Bank v. State Banking Board, 496 S.W.2d 17 (Mo.App.1973) the findings of fact of the Board were very similar to those in this case. There the court did not discuss the adequacy of the findings and obviously the parties had not raised any complaint concerning them.

Neither the *Central Bank* nor *Marshfield* case hold that the findings of fact made by the Banking Board in those cases were adequate, but each case simply failed to discuss that question. For that reason, those cases would not constitute any authority to hold the findings in this case to be adequate.

The protesting banks further point out the decisions in which the requirement for findings of fact and conclusions of law are discussed generally involve the State Tax Commission. It is suggested some different standards should apply to the State Banking Board. This result cannot obtain because the decisions of the Banking Board are reviewed under the same statutes, Administrative Review Act, under which the decisions of the State Tax Commission are reviewed. It is the positive mandate of these statutes requiring findings of fact and conclusions of law which dictates the result here, and not the particular agency involved. It necessarily follows from the above discussion that this court cannot review the decision of the Board because of the complete failure of the Board to make findings of fact and conclusions of law. For that reason, the judgment of the circuit court must be reversed.

In view of the disposition of this appeal, Century has raised one point which might reappear in the future progress of this case. Century argues that the sole function of the Board in this case was to review the decision of the Commissioner of Finance and make a determination of whether or not his decision was supported by competent and substantial evidence. That argument has been fully answered in the *Marshfield* case and the function of the State Banking Board on appeal from a decision of the

Commissioner is fully discussed and delineated there.

The protesting banks have raised the question of whether or not in the event this case is reversed and remanded for the making of findings of fact and conclusions of law, the Board would be authorized to reopen the hearings. In *Iron County* the court affirmed a judgment of the circuit court remanding the cause to the Tax Commission and allowing the Commission to reopen the matter if a majority of the Commission decided to do so. In *St. Louis County* the court directed the case to be remanded to the Tax Commission and stated the Commission was authorized to take additional evidence.

In view of these decisions, on remand of this cause to the Board, the Board is authorized to reopen the hearing and hear additional evidence if a majority of the Board desires to do so. Otherwise, the Board may formulate findings of fact and conclusions of law based on the evidence already presented to it. In any event, the Board must make findings of fact and conclusions of law in accordance with the standards established in the cases discussed herein.

The judgment is reversed and this cause is remanded to the circuit court with directions to reverse the order of the State Banking Board and to remand the cause to the State Banking Board with directions to make findings of fact and conclusions of law, and to reopen the hearings in this matter, if the Board deems it appropriate, and enter its final order.

All concur.