**Robert WORLEY, Appellant,**

v.

**Donald H. WHALEY et al., comprising the Board of Police Commissioners, St. Louis, Missouri, Respondents.**

**No. 40268.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied April 10, 1979.

C. John Pleban, St. Louis, for appellant.

David O. Danis, St. Louis, for respondents.

CLEMENS, Judge.

Plaintiff, Robert Worley, a former police officer, has appealed the trial court's judgment which upheld his dismissal by the defendant St. Louis Board of Police Commissioners (hereafter the "Board"). The Board dismissed plaintiff for disobeying its order that he file a report concerning a line-of-duty incident. Plaintiff declined to do so on the ground of self-incrimination. The Board's regulations provided, however, that plaintiff's answers could not be used to incriminate him.

Plaintiff's dismissal followed the Board's finding he had violated Rule 9, Section 9.001(b) of the Board's police manual, which provides that "(b) all orders of a superior must be observed and obeyed."

This case originated in the Board's investigation of an alleged assault by other police officers on two private citizens. Plaintiff had been summoned to the assault scene. Later, when the police department's Internal Affairs Division (IAD) began an investigation, plaintiff was ordered to file a report concerning his knowledge of the incident. Plaintiff was then advised he could seek legal advice before making a statement, and he did so. Despite direct orders from his superiors, defendant refused to file the report, asserting the Fifth Amendment.

Defendant had counsel at the hearing, held to determine whether he had wrong-

fully refused to obey a lawful order to file a report. Evidence conflicted as to whether plaintiff had been informed of his "Internal Affair Rights" by any of the officers conducting the investigation. Police Sergeant Wagner testified he thought he had read plaintiff his rights but could not be absolutely sure; he admitted the possibility that he had not. Plaintiff testified he had not been read his rights by anyone. Plaintiff admitted that he knew the nature of these rights, as contained in the Board's manual which he had studied while undergoing training at the police academy. These rights,[1] as pertinent here, provided that the inquiry was limited to the officer's official duties; that if he refused to answer relevant questions he could be dismissed; that *his answers could not be used against him* in subsequent criminal proceedings.

Plaintiff claims on appeal that the trial court erred in affirming the Board's decision in two respects: (1) Dismissal for failure to obey an order from a superior officer was improper when he had not been clearly advised of his constitutional rights, or that the statement was to be used for internal purposes only, and (2) dismissal for failure to obey an order to submit a written statement denied plaintiff his right against self-incrimination because it was, in effect, an order compelling him to forego his Fifth Amendment right.

■ Our function is to determine whether the Board's decision is supported by competent and substantial evidence, or whether it was so arbitrary as to be an abuse of discretion. *Perez v. Webb*, 533 S.W.2d 650[3] (Mo.App.1976); *Century State Bank v. State Banking Board of Missouri*, 523 S.W.2d 856[2, 3] (Mo.App.1975). The evidence was conflicting. The Board, having the opportunity to weigh the testimony and observe the witnesses, was empowered to believe whomsoever it chose. *Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779[5, 6] (Mo. banc 1976). *McNeal, et al. v. Bequette*, 571 S.W.2d 677 (Mo.App. 1978). The Board was not obliged to believe plaintiff's self-serving statement about not knowing that by his requested statement he was immune from prosecution. His admission of having read these rights in the police manual is sufficient to charge him with knowledge. The effect of the trial court's judgment is to deny a police officer the power to shield himself from intra-departmental inquiry by invoking the Fifth Amendment privilege when he has been informed that such evidence would be inadmissible in any future criminal proceeding.

■ As to plaintiff's second contention, we believe he is wrongfully assuming that the information requested from him would be used against him later in derogation of his rights. We find no basis for this assumption. Plaintiff had not been charged in any criminal proceeding, nor does he appear to have been so threatened, as he was only a potential witness to the incident and not himself involved.

■ It follows that plaintiff failed to make the requisite showing that the requested report would incriminate him. *State ex rel. Caloia v. Weinstein*, 525 S.W.2d 779[4] (Mo.App.1975). On the contrary, it seems his report would serve only to incriminate others. It is axiomatic that the Fifth Amendment privilege is personal in nature and may not be invoked for the protection of others, as seemingly was attempted here.

---

1. "I wish to advise you that you are being questioned as part of an official investigation of the Police Department. You will be asked questions specifically directed and narrowly related to the performance of your offical [sic] duties or fitness for office. You are entitled to all the rights and privileges guaranteed by the laws and the Constitution of this State and the Constitution of the United States, including the right not to be compelled to incriminate yourself.

"I further wish to advise you that if you refuse to testify or to answer questions relating to the performance of your official duty or fitness for duty, you will be subject to departmental charges which could result in your dismissal from the Police Department.

"If you do answer, neither your statement or any information or evidence which is gained by reason of such statement can be used against you in any subsequent criminal proceedings."

We note the importance each side attaches to the cases of *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968) and *Confederation of Police v. Conlisk*, 489 F.2d 891 (7th Cir. 1973). Neither case is in point since each differs on its facts. They recognize no Fifth Amendment privilege absolving a policeman from testifying in a disciplinary proceeding as to his official conduct.

We hold the Board's decision was not an abuse of discretion since it was based on competent and substantial evidence showing plaintiff violated a lawful order by refusing to report on a line-of-duty incident. In reaching that decision the Board did not violate plaintiff's constitutional rights.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.