Thomas **SCHULTE, Michael Lang, Floyd Bohler, Roy Simmons and Linda Hinton, Appellants,**

v.

Homer E. **SAYAD, Charles Valier, Thomas W. Purcell, Robert F. Wintersmith, and Mayor Vincent C. Schoemehl, Jr., comprising the Board of Police Commissioners, St. Louis, Missouri, Respondents.**

No. 46858.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 31, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied March 8, 1984.

Application to Transfer Denied
April 16, 1984.

London, Greenberg & Pleban, C. John Pleban, St. Louis, for appellants.

David O. Danis, Richard Alan Cooper, Whalen, Murphy, Reid, Danis Garvin & Tobben, St. Louis, for respondents.

CRIST, Presiding Judge.

Appeal from a circuit court order affirming the decision of the Board of Police Commissioners of the City of St. Louis dismissing appellant officers from the police force for violations of police department's rules and regulations. We affirm.

The evidence, consisting largely of statements made by appellants under police department questioning, tended to show each appellant, while on duty, left his or her assigned beat, and went to a non-duty area known as the Small Arms Plant where they consumed alcohol (beer). Other violations of the police department's regulations were charged and found, but are not deemed important to the disposition of this appeal.

The seminal issue is whether police department could use the appellants' individual statements as a basis for their dismissal. Each appellant was advised before questioning of his or her "internal affairs rights" by the following statement:

> I wish to advise you that you are being questioned as part of an official investigation of the Police Department. You will be asked questions specifically directed and narrowly related to the performance of your official duties or fitness for office. You are entitled to all the rights and privileges guaranteed by the laws and the constitution of this State and the Constitution of the United States, including the right not to be compelled to incriminate yourself. I further wish to advise you that if you refuse to testify or to answer questions relating to the performance of your official duties or fitness for duty, you will be subject to departmental charges which could result in your dismissal from the Police Depart-

ment. If you do answer, neither your statements or any information or evidence which is gained by reason of such statements can be used against you in any subsequent criminal proceedings. However, these statements may be used against you in relation to subsequent department charges.

It is contended the statements, because made under a threat of loss of employment, were "coerced" and therefore inadmissible.

 A police officer can be required on pain of dismissal, to make statements concerning his official duties, even if those statements would tend to incriminate him. Such statement cannot be used in criminal prosecution, but may be used in disciplinary proceedings if the officer is informed of that immunity. *Cox v. McNeal*, 577 S.W.2d 881, 888 (Mo.App.1979); *Worley v. Whaley*, 586 S.W.2d 721, 722 (Mo.App. 1979).

 Appellants were informed their answers could not be used against them in "subsequent criminal proceedings," and the questions were narrowly and specifically duty-related. The statements could properly be used in disciplinary proceedings. *Worley, supra.*

 Appellants' Points Relied On II and III are affirmed in accordance with Rule 84.16(b). These points are the judgment was not supported by competent evidence on the whole record, and the regulations under which appellants were charged (3.108(b)(d); 7.010(d)) were vague, indifferent, uncertain and contradictory. The judgment is supported by substantial evidence on the whole record, and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.