**Michael ST. JOHN, Appellant,**

v.

**CITY OF NORTH KANSAS CITY, et al., Respondents.**

**No. WD 35604.**

Missouri Court of Appeals, Western District.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

---

William E. Shull, Kearney, for appellant.

David M. Harding, Van Osdol, Magruder, Erickson and Redmond, Kansas City, for Fire & Police Personnel Bd., Pendleton, Bowser, Davis, Woods and Ryder.

S. Preston Williams and Thomas E. Barzee, Jr., Williams & Barzee, North Kansas City, for North Kansas City Chief of Police and City Councilmen.

Before TURNAGE, C.J., and SHANGLER and KENNEDY, JJ.

TURNAGE, Chief Judge.

Michael St. John was terminated as a police officer by the City Council of the City of North Kansas City. He appealed to the Fire and Police Personnel Board of the City, which held a public hearing and affirmed the City Council's action. On appeal to the circuit court, the Board's decision was affirmed.

St. John contends that the judgment should be reversed because the Board failed to make findings of fact. Reversed and remanded.

St. John had been a North Kansas City police officer for about three years when the Chief of Police presented his personnel file to the City Council in April of 1982. The Chief apparently felt that the Council should review a number of incidents connected with St. John's service. After the matter was presented, the Council terminated St. John's employment.

The City had adopted a merit system police department[1] pursuant to § 85.541, RSMo 1978, which included the establishment of a personnel board. Pursuant to § 85.541(5), any police officer who is discharged for misbehavior or inefficiency shall, upon his application, be granted a public hearing before the personnel board.

St. John had been notified that he would be the subject of discussion at the Council meeting, but he was not allowed to be present. When notified that the Council had terminated him, St. John filed an application for a public hearing before the Board.

The Board heard testimony from the chief of police, a captain, two lieutenants, and a sergeant in the police department, and the mayor. Testimony presented to the Board related to various incidents contained in St. John's record. Cross-examination of the witnesses was designed to show that the incidents were not as serious as might seem at first blush, and to show that the incidents were not of such character as to indicate any misbehavior on the part of St. John.

The testimony and cross-examination presented the Board with the factual question of whether or not St. John had been guilty of any misbehavior or inefficient service. Rather than making a factual determination concerning the incidents with a resultant conclusion of whether or not St. John was guilty of misbehavior or inefficient service, the Board entered findings of fact which only amount to a narration of the history of the controversy. The final finding states: "[t]he Board, by reasonable inference and based upon the testimony and exhibits could assume that the Council terminated Officer St. John for misbehavior and inefficient service." One of the conclusions of law stated that the Council heard sufficient testimony, facts, and information to justify the termination of St. John.

All parties agree that the hearing before the Board was a contested case within the meaning of § 536.090, RSMo 1978. That section requires the findings of fact to include a concise statement of the findings on which the agency bases its decision.

---

1. Although there is nothing in the record indicating the City's classification, the Official Manual of Missouri 1983–84 at 1207 shows the City to be of the third class.

The necessity for an agency to make findings of fact was stated in *Century State Bank v. State Banking Board of Missouri*, 523 S.W.2d 856 (Mo.App.1975). In that case this court clearly held that the duty of the agency extends well beyond the making of the ultimate decision and requires the agency to set forth the facts which it finds to be true. This, of course, requires the agency to set forth the facts which it finds from those issues which are in dispute during the hearing. In this case the facts in dispute were a number of incidents in which St. John was accused of misbehavior or inefficient service. From the evidence before it, the Board was required to make a finding of those facts which it found to be true. Only on such a record can this court perform its review to determine whether the Board's findings are supported by competent and substantial evidence.

The City and Board contend that from the Board's bare, ultimate finding that the Council was justified in terminating St. John, this court can infer that the Board found facts constituting misbehavior or inefficient service. This argument was specifically rejected in *Century State Bank*, 523 S.W.2d at 858[1].

It would serve no useful purpose to further explicate the necessity for the Board to make findings of fact. That has previously been done in *Century State Bank* and the cases discussed therein.

St. John has raised a number of other points which are not reached because this court is unable to review the Board's action in the absence of findings of fact. However, the parties are advised of those matters and have the benefit of the briefs in which they are discussed.

The judgment is reversed and this cause is remanded to the circuit court with directions to reverse the decision of the Board, and to remand this cause to the Board for further proceedings. In accordance with *Century State Bank*, 523 S.W.2d at 861[6], the Board may reopen the hearing for additional evidence.

All concur.