John E. WEBB, Respondent,

v.

**BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, Appellant.**

No. WD 36179.

Missouri Court of Appeals, Western District.

July 23, 1985.

Russell D. Jacobson, Kansas City, for appellant.

Peter M. Schloss, Kansas City, for respondent.

Before TURNAGE, C.J., and SOMERVILLE and MANFORD, JJ.

TURNAGE, Chief Judge.

The Board of Police Commissioners terminated the employment of John Webb as a police officer. The circuit court reversed the Board's decision and the Board appealed. Affirmed and remanded.

The charges filed with the Board against Webb alleged that he had been absent from duty without properly authorized leave and was thus in violation of the personnel policies of the police department. The specifications stated that on April 15, 1982, Webb called his duty station and stated that he would not report for duty because he was suffering from back pain. When he was requested to support this medical condition, Webb furnished a letter from a psychologist. The specifications further stated that Webb refused to work from April 15 through April 19, 1982, and as of the date of the filing of the charges and specifications, he had not returned to duty nor presented medical evidence for his failure to do so, nor had he obtained authorized leave.

At the Board hearing, Webb testified that an injury he received in the line of duty caused his back pain, and as a result he was unable to ride in a patrol car for a continuous period of eight hours. He stated that prior to April 15 he had been able to work by getting out of his car for 10–20 minutes every hour and either standing or walking about. He said he was told by his superior that this would no longer be allowed and that he was to remain in his car unless actually required to leave it in the performance of duty. Webb said that he could not work under that condition and that was the reason he called in sick. Two letters from a medical doctor were introduced into evidence, and both stated that Webb had chronic lumbar strain which was exacerbated by driving. One letter stated that Webb's prognosis was guarded at best. The second letter from his physician gave the same diagnosis and prognosis and further stated that the anticipated duration of disability was indefinite. These letters were written in March of 1982 and were in Webb's personnel file.

The Board did not present any medical evidence, but did present evidence of Webb's failure to report for duty.

The only finding of fact made by the Board was that Webb absented himself without proper authorization from scheduled duty on five consecutive days in April of 1982. In its conclusions of law, the Board recited a number of its personnel rules and concluded that the conduct set forth in the findings of fact constituted a violation of the rules of conduct of the police department, and constituted cause for disciplinary action. The Board's decision was to terminate Webb from his employment as a police officer.

■ This court cannot review the Board's decision in the absence of specific findings of fact. This court's review is limited to a determination of whether the action of the Board is supported by substantial evidence, violates the provision of any law, or is otherwise arbitrary or an abuse of discretion. *Sowder v. Board of Police Commissioners*, 553 S.W.2d 525, 527[1] (Mo.App.1977).

■ This court has stated in *Century State Bank v. State Banking Board of Missouri*, 523 S.W.2d 856, 858[1] (Mo.App. 1975), and *Citizens for Rural Preservation, Inc. v. Robinett*, 648 S.W.2d 117, 126[11, 12] (Mo.App.1982), that the reviewing court is not permitted to consider that the agency found the facts in accordance with the result reached. As discussed in

*Century State Bank,* 523 S.W.2d at 859, the agency is required to make findings of fact sufficient to allow an appellate court to perform the scope of review permitted. This requires the agency to make findings of fact on the contested issues presented to it. This court recently reaffirmed this principle in *St. John v. City of North Kansas City,* 690 S.W.2d 419 (Mo.App.1985).

■ Here, the Board made the bare statement that Webb was absent without proper authorization. The inadequacy of this finding of fact in light of the issues presented to the Board is well demonstrated by the following excerpt from the Board's brief:

> Much of the result here depends upon the credibility of the testimony of witnesses before the Board, in particular that of Officer Webb on his claims of illness or injury; on his absences from duty; on his problems sitting and riding in the patrol vehicle; on his relations with his superiors; on his reasons for not submitting the required medical reports; and other such points. Some of his testimony was controverted or contradicted by testimony from the other witnesses and some by documentary evidence offered by Webb as well as by the department; some of it was by Webb himself in his inconsistent testimony, and some of his testimony was uncontroverted.

The Board urges that the circuit court's judgment be reversed because the action of the Board was supported by substantial evidence. However, Webb contends that he was unable to work and that the two reports from his physician were sufficient for the department to charge his absence as sick leave. The Board contends that the reports from Webb's physician did not comply with departmental rules. The finding of fact gives no clue as to what facts the Board did find as a result of this contested

issue. Without specific findings of fact on those issues, it is impossible to determine whether the action of the Board was supported by substantial evidence.[1]

The judgment reversing the action of the Board is affirmed and this cause is remanded to the circuit court with directions to remand this cause to the Board for further proceedings. The Board may reopen the hearing for additional evidence if it desires. *Century State Bank,* 523 S.W.2d 861[6].

All concur.

---

1. This court cannot help but wonder how long it will take agencies to realize the necessity to comply with the requirement that findings of fact must be made on all contested issues. Since at least *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136 (banc 1952), courts have been writing that findings of fact on contested issues are necessary. When agencies some 30 years later fail to make findings of fact, the source of this court's wonder can be understood. It should be noted, however, that the Board's counsel on appeal did not represent the Board at the hearing stage.