**Lloyd A. HAMRICK, Respondent,**

v.

**BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, MISSOURI, Appellant.**

**No. WD 39017.**

Missouri Court of Appeals, Western District.

Nov. 3, 1987.

Richard N. Ward, City Atty., Kathleen A. Hauser, Asst. City Atty., Kansas City, for appellant.

Russell D. Jacobson, Kansas City, for respondent.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

GAITAN, Judge.

The defendant-appellant, Board of Zoning Adjustment of K.C. Mo. (BZA), challenges the decision of the circuit court in favor of the plaintiff-respondent, Lloyd A. Hamrick. That decision reversed a finding by the BZA that a structure (child's playhouse) did not violate § 65.042 (I) (B) and (C) which requires a detached accessory building to be at least ten feet from the principal building and at least twenty feet from a building on an adjoining lot. We agree and reverse the decision of the BZA.

The plaintiff is the owner of real estate and a residence located at 101 West 125th Terrace, Kansas City, Jackson County, Missouri, and filed a complaint with the Kansas City Codes Administration Office charging that a neighbor had constructed a child's playhouse in the side yard of the neighbor's residence at 105 West 125th Terrace which was too close to the house on the property and was in violation of the accessory use ordinance, which requires that such buildings be located ten feet from the principal building.

A Codes Administration inspector conducted an inspection of the premises and directed that the case should be closed be-

cause no building permit was required and no zoning ordinances violated.

Plaintiff received notice, by mail, of this decision and of his right to appeal it to the Board of Zoning Adjustment, on May 15, 1986. He appealed on May 28, 1986.

The hearing on the appeal was held on July 8, 1986, before the BZA. Plaintiff appeared in person, along with a city counselor and an attorney, David Cook, representing the property owners, Rick and Sue Herrera, who were the subjects of the Hamrick complaint. Plaintiff challenged the findings of the codes administrator inspector. There was no dispute that the property is located in zoning district R-la, which is zoned for one-family dwellings and accessory and related uses. Plaintiff is the neighboring property owner. He testified that he contacted Kansas City in April, 1986, about a children's playhouse being constructed in the side yard of the adjoining property and further related that he thought it to be too close to the house on his property. He further stated that the accessory ordinance required buildings to be located ten (10) feet from the principal building.

The city zoning ordinance in issue was § 65.042, Revised Ordinances of Kansas City (ROKC) (1956) (current version at § 39.042, ROKC (1986)), which reads as follows:

Accessory uses customarily incident to the principal uses are permitted in this district when located on the same lot therewith, not involving the conduct of a business or industry.

I. The following are general yard requirements governing any accessory building or structure authorized under this subsection which may be modified by the special requirements listed in this section.

A. Accessory buildings or structures in District R–1 shall be located not less than sixty (60) feet from the front line and not less than four (4) feet from any rear line and two (2) feet from any side line, and in the case of corner lots, not less than fifteen (15) feet from a side street line.

B. *A detached accessory building shall be at least ten (10) feet from the principal building.*

C. *No accessory building shall be erected nearer than twenty (20) feet to a building on an adjoining lot occupied and used exclusively as a private residence, or unless attached to the principal building.*

(emphasis added)

The zoning ordinance (§ 65.042 (I), ROKC) established the following general yard requirements governing any accessory building or structure,

(a) distance to principal building—10 feet;

(b) distance to residential building on adjoining lot—20 feet. (7).

The distances established by the evidence for the building or structure here were found to be as follows:

(a) distance to principal building—6⅓ feet;

(b) distance to residential building or adjoining lot—9½ feet. (7).

Plaintiff alleges that he will sustain a substantial diminution in the value of his property because of the present location of the structure and that he is entitled to the protection provided property owners under § 65.042. He asked that the Board require the structure to be removed or conformed to the provisions of the accessory use ordinance.

Defendant's position is the same as that of the Codes Administrator. Cook argued that his clients were entitled to be "protected from an unreasonable alienation of use rights on the property."

The Board voted in favor of upholding the decision of the Codes Administrator and denying the appeal. On July 14, 1986, Hamrick received a letter advising him of the Board's decision. There were no findings of fact and conclusions of law as required by § 536.090, RSMo. (1986).

Thereafter, plaintiff filed his petition for judicial review under Chapter 536, RSMo. (1986) in the circuit court. The record of the proceedings before the Board, including the exhibits introduced there, was certified

by the BZA. The circuit court held an oral hearing on Hamrick's petition on November 10, 1986. Plaintiff appeared in person along with counsel for the BZA, and they orally argued their respective positions.

The circuit court formally entered judgment on December 8, 1986. It found and concluded that:

(1) structure in question is an accessory building and in violation of § 65.042, Revised Ordinances of Kansas City (ROKC), in two

respects:

(a) the structure is not the required distance from the principal structure, and

(b) the structure is nearer than the prescribed distance for the Hamrick residence on the adjoining lot.

(2) It was further found that the BZA decision upholding the Codes Administration decision was unsupported by any competent or substantial evidence in the whole record, and therefore, arbitrary and capricious and illegal and in violation of their mandatory yard requirements contained in § 65.042, ROKC, and that the BZA must be reversed.

(3) It was further found that the Board's action and decision was arbitrary and it acted with gross negligence in the handling of the case and plaintiff Hamrick was entitled to his costs of $241.95.

(4) The Court further ordered the BZA to direct the Codes Administrator to proceed in accordance with the Court's findings by requiring the structure to be removed to a point where it will comply with the yard requirements of § 65.042, ROKC.

This appeal was thereafter filed.

An appellate court, in reviewing a contested administrative case, "reviews the findings and decision of the agency and not the judgment of the circuit court." *City of Cabool v. Missouri State Board of Mediation,* 689 S.W.2d 51, 53[1] (Mo. banc 1985). The scope of judicial review of a decision of a municipal board of zoning adjustment is

the determination of whether the board's decision is authorized by law and is supported by competent and substantial evidence upon the whole record. *Rosedale–Skinker Improvement Assn. v. Board of Adjustment,* 425 S.W.2d 929, 936[8] (Mo. banc 1968); *State ex rel. Rhodes v. City of Springfield,* 672 S.W.2d 349, 355 (Mo.App. 1984). Questions of law "are reserved for the independent judgment of the reviewing court." *King v. Laclede Gas Co.,* 648 S.W. 2d 113, 114 (Mo. banc 1983). A reviewing court, however, may not substitute its own judgment on the evidence for that of the board. *Murphy v. Board of Zoning Adjustment,* 593 S.W.2d 549, 553[3] (Mo.App. 1979). The record must be reviewed in a light most favorable to the findings of the tribunal, considering all favorable inferences which the tribunal might draw from the evidence before it. *Id.* at 553[2].

We have examined the record as a whole and find a lack of substantial and competent evidence to support the decision reached by the BZA.

The facts are uncontroverted. While this Court has consistently required an administrative agency to make findings of fact on all contested fact issues, *see, e.g., Webb v. Board of Police Commissioners of Kansas City,* 694 S.W.2d 927, 929[2] (Mo.App.1985); *St. John v. City of North Kansas City,* 690 S.W.2d 419, 421 (Mo.App.1985); *Century State Bank v. State Banking Board of Mo.,* 523 S.W.2d 856, 858[1] (Mo.App.1975), such findings are unnecessary where, as here, the facts are not in dispute. The controlling issue in the present case— whether the playhouse falls within the ambit of § 65.042, the accessory zoning ordinance—is a question of law.

■ During the appeal hearing before the BZA, Mr. Jones, the City Codes Administration Director, claimed the Codes Administration possessed discretionary authority under § 9.1.301, Revised Ordinances of Kansas City (ROKC) (1967) a building permit ordinance provision exempting structures of less than 120 feet, to exclude the building in issue from operation of a zoning ordinance. However, § 9.1.301 does not aid the Codes Adminis-

**738**

tration or the BZA because the only effect of that provision is to exempt certain enumerated matters from building permit requirements, not from the operation of a zoning ordinance. The building permit ordinances lists as exempted works "[o]ne-story detached accessory buildings used as tool and storage sheds, playhouses and similar uses, provided the projected roof area does not exceed one hundred twenty (120) square feet." § 9.1.301(b)(1), ROKC. But it goes on to prohibit the use of such exemptions where to allow them would violate other ordinance provisions.

> [E]xemption from the permit requirements of this article shall not be deemed to grant authorization for any work to be done in any manner in violation of this article or any other laws or ordinance of this jurisdiction.

§ 9.1.301(b)(13).

The building permit ordinance by its very own terms prohibits its use to exclude a building from the operation of the zoning ordinances. Therefore, the BZA was without authority to exempt the playhouse in issue from compliance with § 65.042, the accessory use zoning ordinance.

When a board exceeds the authority granted to it, a court on review may and should hold the board's decision to be illegal and void. *State ex rel. Rhodes, supra,* 672 S.W.2d at 355. There seems to be no dispute in the evidence that if the zoning ordinance did apply, the playhouse was in violation of its terms. We find that § 65.042 does apply, and that the playhouse violates its terms. We reverse and remand to the BZA with directions that it take the appropriate action to enforce § 65.042.

■ Finally, regarding Hamrick's and the trial court's assessment of cost against the BZA, we find no evidence that the hearing of July 8, 1986, was handled with disregard for the procedural or substantive rights of the plaintiff. There was sufficient evidence on the question of the characterization of the playhouse as a building or a structure and on the application of § 65.042(I)(B) and (C) to the playhouse to demonstrate that the defendant did not act

with gross negligence. Consequently, the plaintiff-respondent is not entitled to costs.

The judgment of the BZA is reversed and the cause is remanded with directions that the BZA take the appropriate actions against the residents of 105 West 125th Terrace (Rick and Sue Herrera) in accordance with § 65.042(I)(B) and (C) as found by this decision.

All concur.