**Sergeant Donald CUMMINGS, Appellant,**

**v.**

**Charles E. MISCHEAUX, Anne–Marie Clarke, Matthew J. Padberg, Robert Haar and Freeman Bosley, Jr., ex officio, as members of the Board of Police Commissioners, City of St. Louis, Respondents.**

**No. WD 53785.**

Missouri Court of Appeals,
Western District.

Feb. 10, 1998.

Neil John Bruntrager, St. Louis, for Appellant.

Priscilla Gunn, St. Louis, for Respondents.

HANNA, Judge.

Sergeant Donald Cummings was charged with violating police department rules in that he failed to intervene when officers under his supervision used excessive force during the booking of Reginald Howard on August 22, 1994.[1]  This is an appeal by Sgt. Cummings from the decision of the St. Louis Metropolitan Police Board.

On February 21, 1996, the Board of Police Commissioners decided that Cummings had violated St. Louis Metropolitan Police Department Rule 3, § 3.113(d) because he failed to intervene when he observed the assault on Howard by officers under his supervision. As a result of this determination, the Police Board suspended Sgt. Cummings for six months without pay.  Cummings appealed to the Circuit Court of Cole County, which affirmed the Police Board's decision.  Cummings appeals, arguing that the Police Board's decision was contrary to the overwhelming weight of the evidence because the Police Board's findings of fact do not indicate what evidence served as the basis for its decision.  We reverse because the Police Board failed to make adequate findings of fact.

In an administrative appeal, the appellate court reviews the decision of the administrative agency, not the judgment of the circuit court.  *Kendrick v. Board of Police Comm'rs,* 945 S.W.2d 649, 651 (Mo.App.1997)(citing *Clark v. School Dist. of Kansas City,* 915 S.W.2d 766, 773 (Mo.App. 1996)); *Halford v. Missouri State Highway Patrol,* 909 S.W.2d 362, 364 (Mo.App.1995). The following conflicting evidence was adduced at the hearing.

On August 22, 1994, Reginald Howard was arrested on Highway 40.  An altercation took

---

**1.** The officers, including Cummings, were indicted by the Grand Jury. All were acquitted of the misdemeanor assault charges.

place involving the officers on the scene. No one was charged as a result of this incident. After Howard was taken to the St. Louis police station, the incident, which is the subject of this inquiry, took place. Not surprisingly, the facts surrounding the altercation are conflicting.

Howard testified that two police officers came to retrieve him from his holding cell, when one of the officers proceeded to strike him. He stated that both officers carried him to a nearby computer room and began to kick and strike him, while directing racial remarks toward him. At this point, Cummings entered the room and directed the officers to stop. The abuse continued, however, until Cummings, after again telling the officers to stop, instructed Howard to get on his knees and apologize. When Howard refused, he testified that all three officers beat him. A janitor then entered the room, and all three officers ordered Howard to clean his blood off the floor with his shirt. Cummings asked whether he needed medical attention, and Howard replied that he did. When Howard refused to sign the consent to search form, Officer Dolan grabbed him, threw him down and jumped on his side. Howard testified that Cummings stood by and observed. In summary, Howard maintains that the attacks were unprovoked, and he offered no resistance.

The officers' evidence differed greatly from that of Howard's. Their evidence was that, as Howard was being led from the holding cell, he attempted to kick one of the officers and then charged and pushed the officer into the computer room where the majority of the altercation took place. They explained that the force used was reasonable to control an unruly prisoner. When Cummings asked Howard if he wanted medical treatment, Howard said that he did not need any treatment.

There was testimony from two civilian employees that supports Howard's version of the altercation. Furthermore, the booking officer testified that when he observed Howard earlier in the police station, he did not notice any injuries to his head but when he was booking Howard, after the incident, he noticed that his face was swollen, reddish, and that his left eye was dark red, and the pupil was marbleized.

Cummings maintains that the Police Board's decision to suspend him for six months without pay, was contrary to the weight of the evidence because Howard was the aggressor and the officers reacted appropriately under the circumstances. Cummings claims that the Police Board's findings of fact do not indicate what evidence served as the basis for their decision and, as such, were insufficient, pursuant to § 536.090, RSMo 1994. Thus, the reviewing court is unable to determine the basis for the Police Board's determination that Cummings failed to intervene when he observed the assault of Howard.

■ This court's standard of review of an administrative decision is to determine if the agency's findings were supported by competent and substantial evidence on the whole record. *Harrington v. Smarr*, 844 S.W.2d 16, 18 (Mo.App.1992). The fact-finding process is a function of the agency, and "if evidence would warrant either of two opposed findings, an appellate court must uphold the factual determinations the agency has made." *Fritzshall v. Board of Police Comm'rs*, 886 S.W.2d 20, 23 (Mo.App.1994) (citation omitted).

The Administrative Procedures Act requires that agency decisions, regarding contested matters, must be in writing and must contain findings of fact and conclusions of law, and "shall include a concise statement of the findings on which the agency bases its order." § 536.090, RSMo 1994. The Police Board found as follows:

On August 22, 1994, while on duty, Sergeant Donald Cummings observed the assault of a prisoner, Reginald Howard. Reginald Howard was assaulted by officers under the supervision of Sergeant Donald Cummings, however the sergeant failed to take any action to stop the assault from occurring.

Cummings argues that *Century State Bank v. State Banking Bd. of Missouri*, requires that when there is a conflicting evidence:

it is necessary to know which evidence the Board believed and, therefore, found to be true. If the Board had set out the facts it found to be true, then it would be possible for this court to go through the evidence before the Board and decide if such findings and the conclusions based thereon was supported by competent and substantial evidence. However, without such findings, this becomes an impossible task.

523 S.W.2d 856, 859 (Mo.App.1975). The *Century State Bank* court found that it could not be expected to determine whether an agency's decision is supported by competent evidence, when the "court only has before it the bare ultimate conclusion which the agency reached." *Id.* at 859.

Additionally, in *Webb v. Board of Police Comm'rs of Kansas City,* this court reviewed the Police Board's decision to terminate the Webb's employment. 694 S.W.2d 927, 928 (Mo.App.1985). The only finding of fact from the Kansas City Police Board, was that Webb "absented himself without proper authorization from scheduled duty on five consecutive days in April of 1982." *Id.* The *Webb* court ruled that bare statement "gives no clue as to what facts the Board did find as a result of th[e] contested issue" which was whether Webb was physically able to work. *Id.* at 929. As such, it was impossible to determine whether the action of the Police Board was supported by substantial evidence. *Id.*

■ The standard set forth in the case law, is that the findings must be sufficiently specific to enable the reviewing court to assess the agency decision intelligently, and to ascertain whether the facts furnish a reasonable basis for the decision, without resorting to the evidence. *See Glasnapp v. State Banking Bd.,* 545 S.W.2d 382, 387 (Mo.App. 1976). *See also Weber v. Firemen's Retirement System,* 872 S.W.2d 477, 480 (Mo. banc.1994)(indicating that without findings of fact, a court has no basis for reviewing the agency decision); *Missouri Veterans Home v. Bohrer,* 849 S.W.2d 77, 80 (Mo.App.1993)(ruling that the findings must be sufficiently specific so that a court can review without resorting to the evidence); *Ruffin v. City of Clinton,* 849 S.W.2d 108,

110 (Mo.App.1993)(finding that "meaningful review is frustrated by inadequate, abbreviated and incomplete findings of fact").

The Police Board contends that its determinations are self-evident from the memorandum they prepared, and that there was substantial evidence to support its decision in that a number of witnesses testified as to Howard's physical condition and Cummings' involvement in the use of excessive force. The Police Board relies on *Missouri Veteran's Home v. Bohrer,* which ruled that even though the Personnel Advisory Board did not address each ground or piece of evidence in its findings, some of the findings were conclusive and, as such, were adequate. 849 S.W.2d 77, 80 (Mo.App.1993). However, the *Bohrer* court also found that although not all the evidence needs to be addressed, it was necessary that the court is not left "to speculate as to what part of the evidence the court found true or was rejected." *Id.* at 81 (citing *Glasnapp,* 545 S.W.2d at 382).

The Police Board found that the prisoner was assaulted by officers under Cummings' supervision, and that Cummings failed to intervene. However, the evidence was divergent and conflicting, and the credibility of the witnesses was a significant factor in assessing the circumstances of the assault and whether the assault by the officer was justified. The real issue was not whether there was an assault—clearly there was—or whether Cummings observed it—clearly he did—but rather, who was the aggressor and, if Howard was, was reasonable force used to subdue him.

■ "Just how far the administrative agency must go in setting forth subsidiary facts depends upon the particular case and the issues presented for determination." *Glasnapp,* 545 S.W.2d at 387. The Police Board simply failed to identify or address the controlling issue. Thus, the written order did not provide the requisite findings of fact to enable the reviewing court to assess the agency's decision, without resorting to the evidence. *See Missouri Veterans Home v. Bohrer,* 849 S.W.2d at 80; *Century State Bank,* 523 S.W.2d at 859.

Alternatively, Cummings suggests that we reverse the Police Board decision, even though a reviewing court cannot substitute its judgment on the evidence for that of the Police Board, by arguing that the Police Board erred in applying the law and, as such, an appellate court can review conclusions of law *de novo* if the Police Board improperly applied the law to the facts. *See Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Comm'n,* 669 S.W.2d 548, 552–53 (Mo. banc.1984). The result, as argued by Cummings, is that we may weigh the evidence for ourselves and determine the facts. In support of this argument, Cummings notes that some of Police Board's findings were inconsistent.[2]

■ A reviewing court may overturn the agency's decision if the decision is unauthorized by law, or is arbitrary and capricious. *See Fritzshall,* 886 S.W.2d at 23 (citations omitted). As indicated in the recitation of the facts, however, there is substantial evidence which would support the Police Board's decision. Our ruling notes the conflicting evidence on the controlling issue, which the Police Board failed to resolve, and the result is that we are unable to determine whether an agency's decision is supported by competent evidence, when we have before us only the "bare ultimate conclusion which the agency reached." *Century State Bank,* 523 S.W.2d at 859.

The failure to make adequate findings of fact for appellate review requires us to remand the case for findings in compliance with this decision. As such, the case is remanded to the circuit court with directions to reverse the order of the Police Board, and remand the cause to the Police Board with directions to make findings of fact and conclusions of law based on the evidence already presented or, alternatively, to hear additional evidence if the Police Board deems appropriate and then enter its order.[3]

LOWENSTEIN, P.J., and BRECKENRIDGE, J., concur.

---

**2.** Cummings claims the Police Board's determinations were inconsistent because they failed to find him guilty of taking appropriate action to prevent misconduct against a citizen. Rule 7, § 7.004(w).

**3.** Cummings argues that the ruling in Davis v. Research Medical Center should be extended to this matter, because the decision of the Police Board Hearing Officer should be granted deference with regard to decisions of witness credibil-

ity. 903 S.W.2d 557, 569–70 (Mo.App.1995). The Police Board claims, on the other hand, that the decision of the Hearing Officer has no effect on its determination pursuant to statute. See § 84.150, RSMo 1994. In light of our decision that the findings are insufficient, we are not ruling as to the weight that a reviewing court should grant to the Hearing Officer's findings of credibility, in matters decided by the Police Board.