IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 1, 2005 Session

## ALFRED EDWARDS and wife ALISA EDWARDS, v. MARTIN McPEAKE and HELMS MOTOR COMPANY

**Direct Appeal from the Circuit Court for Maury County**
**No. 10322      Hon.  Robert L. Holloway, Circuit Judge**

---

**No. M2004-00747-COA-R3-CV - Filed April 25, 2005**

---

In this action arising from a motor vehicle accident, plaintiffs claimed damages for personal injuries and the jury returned a verdict finding defendants 100% at fault for the accident, but awarded no damages for personal injuries to plaintiffs.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the Opinion of the Court, in which W. FRANK CRAWFORD, P.J.W.S., and ALAN E. HIGHERS, J., joined.

John S. Colley, III, Columbia, Tennessee, for appellants.

John M. Lehman and Mary Beth Hagan, Nashville, Tennessee, for Appellees.

### OPINION

        The accident occurred on April 3, 2002, when a vehicle operated by McPeake was backing out of a parking space and backed into plaintiffs' vehicle as it drove across the parking lot.

        Plaintiffs have appealed from the jury verdict approved by the Trial Court which found defendants liable for the accident, but awarded no damages to the plaintiffs.  Plaintiffs' issues on appeal are:

        1.      Is there material evidence to support an award of legal damages to Edwards?

2.       Should Evelyn Frye have been allowed to give her opinion as to Mr. Edwards' disability?

3.       Was Evelyn Frye's opinion as to Mr. Edwards' disability based on relevant scientific methods, processes and data, and not upon mere speculation?

Our standard of review of a jury verdict is governed by Tenn. R. App. P. 13(d), which provides that findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict. *See Forrester v. Stockstill*, 869 S.W.2d 328 (Tenn. 1994); *Foster v. Blue*, 739 S.W.2d 736, 741 (Tenn. 1988). Moreover, the jury in discharging its duty to assess damages necessarily requires the determination of the credibility of the witnesses at trial, and the fact finder is not bound to accept medical testimony presented. *Baxter v. Vandenheovel,* 686 S.W.2d 908, 912 (Tenn. Ct. App. 1984). *Also see, Karas v. Thorne*, 531 S.W.2d. 315, 317 (Tenn. Ct. App. 1975). We are required to take the strongest view of the evidence in favor of the prevailing party and discard the evidence to the contrary, and allow all reasonable inferences to uphold the jury verdict. *Hackman v. Jordan*, 87 S.W.3d 496, 498 (Tenn. Ct. App. 2001).

From our review of the evidence, we conclude there is material evidence to uphold the jury's verdict. The evidence establishes that the impact between the vehicles was very slight, causing little damage. The investigating officer stated there were no complaints of any injuries when he investigated the accident, and the defendant driver testified that the plaintiff told defendant that plaintiff was not injured immediately following the accident. Plaintiff relies heavily on the testimony of plaintiff's treating physician. However, the treating physician conceded that his opinions of injury and disability were based upon plaintiff's subjective complaints of pain. This physician also testified to plaintiff's injuries from a prior accident in 1999 where he suffered a herniated disc at the cervical level of the spine requiring surgery, and the doctor had treated plaintiff for low back pain and right leg pain in 2001 prior to this accident. The doctor also testified that plaintiff had suffered from degenerative disc disease for years and on cross-examination conceded that the plaintiff would ultimately have arrived at his then existing medical condition at some future time, with or without the occurrence of the accident. The physician also testified:

Q.       As I understand your testimony, the various tests that have been done on Mr. Edwards did not reveal any structural defect in his lumbar spine; is that correct?

A.       He did have defects. They didn't reveal any acute defects that I felt were related directly to his injury.

Q.       So you found no acute defects from the objective tests that related to the April 2002 accident, is that correct?

A.       That is correct.

Q. Let me ask you if it's not true that in view of this, your opinion regarding Mr. Edwards' current disability is based to a great extent upon what he has told you about the pain he is experiencing, is that correct?

A. Yes.

. . .

Q. There is no way you can really verify scientifically or medically whether or not he is actually experiencing that pain?

A. That's correct.

Plaintiff, in his testimony, essentially conceded that his complaints were strikingly similar to his complaints and allegations in his lawsuit for damages for personal injuries arising from a prior accident, and there were other inconsistencies in plaintiff's testimony and evidence. Since the jury was the judge of plaintiff's credibility, we find material evidence to uphold the verdict and judgment of the Trial Court.

Plaintiff argues that *Taylor v. Smith*, 2003 WL 21487112 (Tenn. Ct. App) is authority to remand this case for a new trial on damages. We cannot agree. The reliance on *Taylor* is misplaced. In *Taylor* the jury validated the evidence that plaintiff had sustained injuries and awarded damages. The *Taylor* Court simply concluded that the jury having found credible evidence of injuries and damages, that all the material evidence required an award of damages greater than that found by the jury and remanded the case on that basis. The jury in this case found no credible evidence of injury requiring an award of damages, a distinguishing feature.

Next, plaintiffs argue that it was error to permit Evelyn Frye to give her opinion as to plaintiff's disability. Evelyn Frye's testimony and exhibits demonstrate she was qualified, based on her knowledge, skill, education, training, and experience in the area of vocational rehabilitation. She holds a PhD in clinical psychology and had substantial training in dealing with vocational rehabilitation. She testified to her experience in evaluating anatomical ratings, *vis a vis* vocational disability ratings, and rehabilitating injured people back into the work force. She has evaluated numerous persons and rendered opinions on their vocational disability. We conclude that Frye was qualified to render an opinion as to plaintiff's vocation disability. In this regard, plaintiff's objection essentially goes to the weight of her evidence which was for the jury to determine.

Determining the admissibility, qualifications, relevance and competency of expert testimony is left to the sound discretion of the trial court. *Sherry Hunter, Administratrix of the Estate of Lawrence Hunter, Deceased, v. Jay Michael Ura, M.D., et al.*, No. M2002-02573-SC-R11-CV (Tenn. March 29, 2005, Nashville), *citing*, *McDaniel v. CFX Transportation, Inc.,* 955 S.W.2d 257 (Tenn. 1997). We find no abuse of discretion by the Trial Court in admitting this testimony, and affirm the Trial Court on this issue.

Finally, plaintiffs argue that Frye's expert opinion was speculative and not based upon scientific methods, processes and data.  The defense correctly points out that this issue was not raised in the Motion for a New Trial.  *See,* Rule 3(e), Tenn R. App. P.  We find this issue to be without merit because plaintiff did not advance this theory in the trial court and did not offer any evidence to support it.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand. We assess the costs of the appeal to Alfred Edwards and Alisa Edwards, and surety.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-