**OVERLAND OUTDOOR ADVERTISING CO., INC., Appellant,**

v.

**MISSOURI STATE HIGHWAY COMMISSION, Respondent.**

**No. WD 31624.**

Missouri Court of Appeals,
Western District.

May 4, 1981.

Mark H. Levison, St. Louis, for appellant.

Bruce A. Ring, Dennis J. Redel, Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

This appeal is from the judgment of the circuit court affirming the decision of the Missouri Highway and Transportation Commission which, in turn, ordered that appellant, Overland, remove certain outdoor advertising signs for various statutory and regulatory violations. The judgment is affirmed.

Involved in hearings before the Commission were several consolidated cases regarding Overland signs at various locations which had been ordered by the district engineer to be removed. The essence of the controversies which remain concerns the entitlement of Overland to rely on non-conforming use exemptions where old signs are replaced by new and the existence of other signs in prohibited proximity to the signs ordered removed.

Overland has purported to advance by its brief and amended brief six points relied on with various sub-points. Despite an opportunity to rebrief, appellant has failed to set out with any reasonable degree of clarity or specificity wherein and why the ruling of the trial court was erroneous as required by Rule 84.04(d) and explicated extensively in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). The deficiency is all the more remarkable because this case does not contain complex or numerous issues of fact or law.

By way of example, Overland's first point purports to describe a grievance stemming

from the Commission's refusal to grant a continuance of the administrative hearing. Overland complains that it was denied opportunity to prepare and present its evidence. The contents of the point then proceeds:

A. The Commission Abused its Discretion in That its Repeated Refusals to Grant a Continuance in the Administrative Hearing, Despite the Grave Illness of Overland's Only Operating Officer, Which Resulted in His Unavailability Both as a Witness and As An Aid to Overland's Attorney in Preparation For the Hearing in Question, Denied Overland a Reasonable Opportunity for Preparation and Presentation of Evidence.

B. The Refusal of the Commission to Grant a Continuance Was Wrong in That Said Refusal Failed to Comport With the High Standards Required For the Use of Administrative Discretion Where the Agency's Decision is Determinative and Does Not Involve Administrative Expertise.

*Thummel v. King, supra,* explains that the requirement of Rule 84.04(d) obligates an appellant to frame a point so that the challenged ruling is concisely stated, the rule of law which it is asserted the court should have applied is set forth and the evidentiary basis upon which it is contended that the asserted rule is applicable is specified. The attempted statement of a point or points quoted above fails to meet the requirements of the rule because it does not state wherein and why the order denying a continuance was erroneous as violative of a particular rule of law. Abstract propositions such as the entitlement of a party to prepare and present its case and conformance to high standards of administrative discretion do not meet the requirements of the rule. Moreover, as will hereafter appear, the issue of whether Overland's witness was unavailable was disputed. The point relies entirely on an assumed resolution of disputed facts in favor of Overland and thus beclouds further any ascertainment of where Overland contends that error cognizable on appeal may be found.

Additional points in Overland's brief are equally deficient and, in some, less informative with the consequence that opposing counsel and this court cannot with certainty focus on the issues which Overland may be attempting to raise. Again, as was stated in *Thummel v. King, supra* at 686, the burden which deficient and inept briefing imposes on the appellate courts is itself intolerable, but of greater significance is the impact on the appellate process and the function of resolving issues. If the brief fails to identify clearly the nature of the appellant's contentions, they may well be misinterpreted and the process thus fails because the decision is misdirected.

■ The alternatives available, after rebriefing has failed, in a case such as this are to dismiss the appeal or to decide the case by seining the argument and the record to ascertain as may be possible what error is contended. Because the record here is relatively brief, the issues for administrative decision were not complex and the complaints which Overland has seem undistinguished, the latter course is adopted, ex gratia. It will not do, however, for Overland to later complain that its points were misconstrued because if that be so, the problem is of its own making.

The asserted errors complained of are, as we perceive them, (1) The Commission abused its discretion in denying Overland a hearing continuance, and (2) Various findings made by the Commission are not supported by or are contrary to the evidence.

At the outset, Overland misstates the scope of judicial review of the decision of an administrative agency. Overland asserts in argument that the Commission decision as to various points must be reversed because against the substantial weight of the evidence.

■ Under § 226.580(3), RSMo 1978, one seeking to dispute the basis for a notice from the Commission to remove a sign is entitled to a hearing before the Commission and all procedures are as provided in §§ 536.067 to 536.090, RSMo, as in other

cases of administrative review.[1] Judicial review of the decision by the administrative body is limited to determining whether the decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious or unreasonable or whether the agency abused its discretion. *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 894 (Mo. banc 1978). The fact finding function rests with the administrative agency and if the evidence would warrant either of two opposed findings, an appellate court must uphold the factual determinations the agency has made. *Phelps v. Metropolitan St. Louis Sewer District*, 598 S.W.2d 163 (Mo. App. 1980). The weight of the evidence is therefore not in issue on judicial review of an administrative hearing decision.

Turning now to the question of the hearing continuance request, the transcript shows that the hearing was scheduled for May 23, 1978, on appropriate notice of more than one month. Overland sought a continuance on the ground that the corporation's chief operating officer, one Smithee, was ill. Although the continuance was denied, the hearing examiner ordered the record held open until August 15, 1978, to receive Smithee's testimony. On this latter date, Overland asked another continuance, again on the ground that Smithee was physically incapacitated and incapable of attending the hearing. In the course of discussion on the motion, the examiner learned on admission by Overland's attorney that Smithee in fact was attending to business at his own office on limited duty and that no effort whatever had been made to procure his evidence by affidavit or deposition, an authorized practice under § 536.070, RSMo 1969. The continuance from August 15 was denied.

█ Considerable discretion is vested in a trial court in the matter of continuances by reason, in part, of the necessity for courts to control their dockets. On appeal, every intendment is in favor of the trial court's ruling, but the facts in each case must be examined to determine if the ruling on a continuance application is arbitrary or abusive. *Shelton v. Missouri Baptist Foundation*, 573 S.W.2d 121 (Mo.App. 1978).

█ The facts of this case show no abuse of discretion, but rather a failure on Overland's part to use reasonable diligence to present its case, or, simply an effort to delay removal of the signs. The hearing examiner was well justified in concluding that Smithee's conduct in his other business belied disabling illness and formed no ground to grant an additional delay in the case. Moreover, the opportunity was provided to arrange for substitute presentation between the dates of May 23 and August 15, an alternative which Overland apparently ignored. The complaint regarding a refusal to grant a continuance has no merit.

Overland's points which charge that the Commission decision is not supported by substantial evidence address the factual basis for the asserted sign law violations precipitating the removal orders. The offenses in particular were: That Overland violated § 226.540(3)(a), RSMo 1978 as to interstate highways by erecting a sign within 500 feet of an existing sign on the same side of the highway; that Overland was not entitled to the benefits of non-conforming use exceptions when existing signs are rebuilt resulting in signs of different size and structure, and; that Overland violated § 226.540(3)(b), RSMo 1978 as to non-freeway highways by erecting a sign within 300 feet of an existing sign.

█ The issue in each charge turned on the evidence, that is, what distances actually separated the various signs on the dates in question and what were the materials used in and the construction dimensions of the new signs built at the location of the former signs. Suffice it to say that a review of the transcript indicates that competent and substantial evidence was adduced to support the Commission's decision that the signs in question should be removed because within prohibited limits of pre-existing signs and that significant alteration and reconstruction of signs eliminated any

---

1. An alternative not material here but authorized is review by injunction or original writ under § 536.150, RSMo 1978.

entitlement to non-conforming use exemption.

■ Finally, Overland has moved for consideration of newly discovered evidence, the substance of which is that a pre-existing sign which was essential to the offense of the nearby Overland sign on the interstate highway has now been removed thus eliminating the factual basis for the violation. The removal of the sign is contended to have occurred in September 1979, more than one year after the Commission hearing.

Even assuming the event tendered as newly discovered evidence, Overland can acquire no benefit. The decision we review is that made by the Commission on the evidence before it. The later removal of the sign was not a fact which the Commission could have considered and it therefore can have no bearing on whether the decision of the Commission was appropriate on the evidence it had. Moreover, subsequent events would be irrelevant as to the issue of illegality of the sign at the time it was ordered removed. There is no provision in the billboard law for remedial action or rehabilitative consequences beyond thirty days from the date of notice to remove.

The judgment is affirmed.

All concur.