James M. CAMPBELL, Appellant,

v.

MISSOURI PERSONNEL ADVISORY BOARD and Missouri Department of Corrections, Respondents.

No. WD 35643.

Missouri Court of Appeals, Western District.

March 5, 1985.

David Kite, Jefferson City, for appellant.

James C. Martin, Jefferson City, for respondents.

Before CLARK, P.J., TURNAGE, C.J., and KENNEDY, J.

PER CURIAM.

This is an appeal from a decision of the Circuit Court of Cole County, affirming a decision of the Personnel Advisory Board, which had approved the dismissal of appellant from his employment as a Corrections Officer II at the Kansas City Honor Center. Appellant's employer ("appointing authority") was the Division of Corrections of the Department of Social Services. The dismissed employee's appeal to the Personnel Advisory Board is provided by Section 36.390.5, RSMo Supp.1981. Section 36.390.-9, RSMo Supp. 1981 provides for review by the circuit court and adopts generally the provisions of Chapter 536 for the governance of Personnel Advisory Board appeal hearings and judicial review.

We affirm the judgment of the circuit court. We have reviewed the record made before the Personnel Advisory Board. The question before us is whether the record contains competent and substantial evidence to support the decision of the Board. *Overland Outdoor Advertising Co. v. Missouri State Highway Comm'n*, 616 S.W.2d 563, 566 (Mo.App.1981).

 We find that there is in the record competent and substantial evidence to support the allegation that appellant's dismissal was justified for violations of Board Rules (B), (K) and (L) of 1 CSR 20–3.070(2). Those rules allow dismissal if the employee

(B) Is incompetent, inadequate, careless or inefficient in the performance of the duties of his or her position or has failed to meet established minimum standards in the performance of such duties.

(K) Has been guilty of insubordination or has failed to respond in a reasonable manner to their [sic] lawful orders or instructions of persons with duly delegated authority over the employee;

(L) Has wilfully violated the lawful rules, regulations or policies of the agency by which employed after having been made aware of such rules, regulations and policies.

 It is not necessary to recite the evidence supporting the Board's decision. Appellant, in support of his argument that there was not competent and substantial evidence to support the Board's decision, points to appellant's own version of the evidence, which is in many respects in conflict with that of the employer. Of course, we take as true the evidence in support of the Board's decision along with all reasonable inferences to be drawn therefrom, and we disregard the evidence which is inconsistent with the Board's decision. *State Board of Registration for the Healing Arts v. Finch*, 514 S.W.2d 608, 616 (Mo. App.1974).

An extended opinion would have no value as precedent. Rule 84.16(b).

The judgment is affirmed.