Jack W. FORBES, Appellant,

v.

MISSOURI REAL ESTATE
COMMISSION,
Respondent.

No. WD 43057.

Missouri Court of Appeals,
Western District.

Nov. 6, 1990.

Harvey M. Tettlebaum, Jefferson City, for appellant.

Mary Joe Smith, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Jack W. Forbes, appeals from an order of the circuit court affirming the decision of the Administrative Hearing Commission of the State of Missouri (AHC) denying his application for a Missouri real estate sales person's license.

Forbes had previously held a license as a real estate broker, however, that license was revoked by the Missouri Real Estate Commission on April 11, 1988. In the case involving revocation of appellant's broker's license all parties filed a "Stipulation of Facts and Waiver of Administrative Hearing Commission Hearing and Consent to a Finding of Cause for Discipline" with the AHC.

No appeal was taken from the revocation of Forbes' broker's license. However, on August 30, 1988, four and one half months after his broker's license was revoked, Forbes applied to the Missouri Real Estate Commission for a real estate sales person's license. Forbes' application for a salesperson's license was denied and he sought review of the denial of his sales license before the AHC. The AHC conducted an administrative hearing on December 2, 1988, and subsequently, denied Forbes' application for a salesperson's license. Forbes then appealed to the circuit court where the decision of the AHC was upheld. Forbes now brings his appeal before this court.

Forbes argues in this appeal that the AHC erred in finding that he was "incompetent" to hold a real estate sales person's license.

On appeal of an agency decision in a contested case, both the circuit court and the court of appeals review the agency decision. *Watkins v. State Board of Registration For the Healing Arts*, 651 S.W.2d 582, 585 (Mo.App.1983); See also

*Hulshof v. Missouri Highway And Transportation Commission*, 737 S.W.2d 726, 727 (Mo. banc 1987). The decision of the AHC will be upheld on review if it is authorized by law and supported by competent and substantial evidence upon the whole record. *Shell Oil Company v. Director of Revenue*, 732 S.W.2d 178, 180 (Mo. banc 1987), appeal dismissed, 485 U.S. 983, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988). Furthermore, the evidence must be considered in the light most favorable to the decision, together with all reasonable inferences which support it. *Id.* The fact finding function rests with the administrative agency and if the evidence would warrant either of two opposed findings, an appellate court must uphold the factual determinations of the agency. The weight of the evidence is therefore not in issue on judicial review of an administrative hearing decision. *Overland Outdoor Advertising Company, Inc. v. Missouri State Highway Commission*, 616 S.W.2d 563, 566 (Mo.App. 1981).

In the case at bar, the AHC found that the facts as stipulated to by Forbes before the Missouri Real Estate Commission in regard to revocation of his broker's license were as follows:

> On August 11, 1984, [Forbes] received a check in the amount of $10,000 from Mr. & Mrs. Donald Nelson, representing earnest money and part of the purchase price and balance of a real estate transaction brokered by [Forbes]. Said earnest money was deposited in [Forbes'] ... said escrow account on August 20, 1984, nine (9) days from receipt of same.

> \*　\*　\*　\*　\*　\*

> The said purchase agreement a/k/a real estate contract between seller Mary G. McClure and buyers Mr. & Mrs. Nelson was executed on August 13, 1984. [This contract related to a motel owned by Mary McClure].

> On or about November 17, 1984, [Forbes] disbursed said $10,000 earnest money held in escrow without a written release from all parties consenting to its disposition or until a civil action is filed

> to determine its disposition at which time payment may be made into court.

> A dispute did in fact arise resulting in a federal bankruptcy court ordering [Forbes] to return said $10,000 escrow earnest money to the escrow account of the said bankruptcy court.

> \*　\*　\*　\*　\*　\*

> On or about August 13, 1984, Don and Mary Nelson entered into a real estate listing agreement (exclusive right to sell town residence) with [Forbes] to sell their residence.

> Said listing agreement provided for a commission to [Forbes] in the amount of six percent (6%) of the sales price. In the event of an exchange of the said residence property for other real property which was negotiated by said broker the same commission was to be paid.

> On or about September 25, 1984, [Forbes] requested that Mary and Don Nelson execute a note and deed of trust on said residence property in order to secure [Forbes'] said $30,000 commission on the [sale to the Nelsons of Mary McClure's property]. [Forbes] stated to the Nelsons that this was common practice in the real estate business.

> \*　\*　\*　\*　\*　\*

> However, on or about the first day of October, 1984, prior to the final closing of the motel property and without the knowledge of Don and Mary Nelson, [Forbes] assigned said note and deed of trust to The Chemical Bank, Saline County, Missouri, for and in consideration of the sum of $10.00 and other good and valuable consideration paid by said Chemical Bank to [Forbes]. Said sum was $7,500 and was not deposited in [Forbes'] escrow account.

> [Forbes] in effect took [his] sales commission for the motel property prior to the final closing of the motel property thereby creating a lien on said residence property.

> On or about October 1, 1984, [Forbes] received and disbursed monies from The Chemical Bank of Saline County representing the partial commission to be earned on said motel real estate transac-

tion and failed to deposit said commission in [his] earnest money escrow account. Said residence property was never sold or exchanged and said lien remained on Mary and Don Nelson's said residence property until said Deed of Trust was released on September 25, 1986, from the bankruptcy court jurisdiction.

The AHC found that in Forbes' dealings with the Nelsons he had shown that he lacked the disposition to use his otherwise sufficient present abilities, and he was therefore incompetent to transact the business of a real estate sales person in a manner to safeguard the public interest as required under § 339.040.1, RSMo 1986, which states as follows:

1. Licenses shall be granted only to persons who bear ... a good reputation for honesty, integrity, and fair dealing, and who are competent to transact the business of a ... salesperson in such manner as to safeguard the interest of the public, and only after satisfactory proof of such qualifications has been presented to the commission.

Forbes argues in support of his appeal that the revocation of his broker's license is immaterial to his application for a sales person's license because only a licensed broker can maintain an escrow account for conducting real estate business. There is no merit to this argument.

██ A real estate broker or sales license may be denied or revoked upon a finding that the individual's conduct has destroyed his reputation for honesty, integrity and fair dealing. *Missouri Real Estate Commission v. Berger*, 764 S.W.2d 706, 709 (Mo.App.1989). As a person's reputation is relevant, so are his specific acts to determine whether he is competent to transact the business of a real estate sales person or broker in a manner to safeguard the public interest. Forbes' conduct in his dealings with the Nelsons shows that he has taken advantage of his real estate clients in the past by dealing with them in a less than honest and fair manner. Forbes' conduct failed to safeguard the public interest.

Forbes also argues that the AHC failed to consider evidence of his rehabilitation since the revocation of his broker's license. In this regard Forbes argues that the AHC failed to consider the evidence of his witnesses who gave their opinion of his reputation and character. This presented at best a matter of conflicting evidence and a question of the weight to be given to the evidence which is for determination by the AHC. Furthermore, contrary to the position taken by Forbes herein, the short time period between the revocation of Forbes' broker's license and his application for a sales license was a relative consideration in determining the merit of Forbes' argument that he had been rehabilitated since his dealings with the Nelsons.

The evidence of Forbes' dealings with the Nelsons was sufficient competent evidence to show that Forbes was not competent to transact the business of a real estate salesperson in such a manner to safeguard the public interest. This evidence was sufficient to support the denial of appellant's application for a real estate sales person's license which application was filed only four and one-half months after his broker's license was revoked.

The judgment of the trial court is affirmed.

All concur.