Steven HOLT, Respondent,

v.

Anne–Marie CLARKE, Charles E. Mischeaux, Matthew J. Padberg, Robert Haar, and Freeman Bosley, Jr., ex officio, as members of the Board of Police Commissioners for the City of St. Louis, Appellants.

No. WD 54087.

Missouri Court of Appeals,
Western District.

Feb. 10, 1998.

Motion for Rehearing and/or Transfer to Supreme Court March 31, 1998.

Application for Transfer Denied
May 26, 1998.

Priscilla Gunn, St. Louis, for Appellants.

James Towey, Chesterfield, Richard Swatek, St. Louis, for Respondent.

HANNA, Judge.

The Board of Police Commissioners for the City of St. Louis appeals the decision of the Cole County Circuit Court, which reversed the Police Board's decision terminating Police Officer Steven Holt. Officer Holt was charged with two violations of Rule 7, § 7.004(c)(4) of the St. Louis Metropolitan Police Department Manual/Disciplinary Code (conduct unbecoming an officer), and one violation of Rule 7, § 7.004(c)(3) (failure to follow a reasonable order).[1] The charges stem from an incident that occurred on October 1, 1993.

Officer Holt was a fifteen-year veteran of the St. Louis Police Department. During the last seven or eight years of his service, he was assigned to the Canine Section. Holt knew that his dog was going to be retired and that he was under the impression that he would be training a new one. On the morning of October 1, 1993, Holt was at home on vacation. He received a call from a fellow officer informing him that he was being transferred from the Canine Section. The news made him angry and he began drinking at lunchtime and continued throughout the afternoon. Later that evening, Holt's immediate supervisor, Sergeant McCraw, called Holt and stated that he was officially informing Holt that he was transferred out of the Canine Division and that they needed to arrange to pick up the dog's equipment. Holt does not deny that, during the conversation, he cursed Sergeant McCraw, and that he dared McCraw to come to his house to retrieve the equipment. As a result of this conversation, McCraw left a note for his supervisor, Lieutenant Richardson, informing him of the conversation. Lieutenant Richardson then called Holt's home and spoke with him. During this conversation, Holt leveled profanity and accusations at Richardson, and he also dared Richardson to come to

his home. During a second conversation with Richardson, Holt continued the inappropriate language, accusations and threats.

Richardson and three sergeants, two of which were assigned to the Internal Affairs Division of the Police Department, went to Holt's home to suspend him for his conduct on the telephone and to pick up his gun, badge and identification. Officer Finn, a friend of Holt's, answered the door and let Richardson and the sergeants into the house. Officer Finn and Holt's wife told Richardson and the three sergeants that Holt was in no condition to speak with them at that time. After meeting with her husband, Mrs. Holt told them that he was refusing to speak with Richardson, and she suggested that they leave. Mrs. Holt turned over her husband's gun to Richardson.

Shortly thereafter, Holt spoke with Richardson. It was at this point that the principal violation occurred. Richardson suspended Holt, and then ordered him to turn over his badge and identification. The evidence showed that Holt said he would yield the items the next day, through his attorney, but he did not comply with Richardson's order that evening. Holt again yelled and cursed Richardson, and ordered him out of his home. Holt subsequently turned in his badge and identification card to the police department the next day.

This matter was first presented to Hearing Officer Smith, who determined that there were extenuating circumstances regarding Holt's conduct; specifically, that Holt was on vacation at the time with no expectation that he would be dealing with his superiors, that there was no necessity for the administrative action taken that evening because of Holt's outbursts on the phone earlier in the day, and "the method by which the administrative action was accomplished" was inappropriate. The Hearing Officer recommended that Holt be returned to duty, and that he continue his treatment for alcohol dependency. The transcript of the hearing was forwarded to the Police Board. The Police Board chose not to

---

1. Rule 7, § 7.004(c)(3) provides that:
   Acts contrary to good conduct, shall include, but not be limited to, the following: ... (c) Any conduct unbecoming to a member which is a contrary to the good order and discipline of the Department. For example, shall include, but not be limited to: ... (3) failure to obey a reasonable order of a superior officer.

accept the hearing officer's recommendations and terminated Holt.

Holt admitted to the two charges of cursing McCraw and Richardson over the telephone. He did not contest the third charge of failing to surrender his badge and identification card. His defense consisted of the mitigating circumstances thereby placing before the Police Board the questions of whether Richardson's order was reasonable, under the circumstances, and what punishment should be imposed.

Following the Police Board's decision, Holt filed a petition for review with the circuit court in Cole County. The Honorable Thomas J. Brown found that the Police Board failed to consider extenuating circumstances regarding Holt's alcoholism, and his use of alcohol prior to the incident at issue. The circuit court found that there was substantial and competent evidence before the Police Board "regarding Officer Holt's condition at the time of this incident," and that he "had been diagnosed as suffering from the disease of alcoholism which would cause him to black out and lose memory of events." The court held that Holt's dismissal was not supported by competent and substantial evidence on the whole record, pursuant to §§ 536.140.2(3), (6) & (7), RSMo 1994, in that the punishment assessed for this act of insubordination was "arbitrary, capricious and unreasonable, [and an] abuse of discretion." The circuit court reversed the Police Board's decision.

On appeal, the Police Board contends that the circuit court abused its discretion in that: (1) the Police Board decision to terminate Holt was not arbitrary, capricious or unreasonable because Holt did not contest the charge that he failed to obey a superior officer, but instead choose to offer mitigating evidence, and (2) Holt's mitigating evidence of his intoxication provided two competing versions of events, and as such, a reviewing court may not substitute its judgment for that of the Police Board. Since these points are interrelated, we are combining them for purposes of discussion.

In an administrative appeal, the appellate court reviews the decision of the administrative agency, not the judgment of the circuit court. *Kendrick v. Board of Police Comm'rs*, 945 S.W.2d 649, 651 (Mo.App.1997)(citing *Clark v. School Dist. of Kansas City*, 915 S.W.2d 766, 773 (Mo.App. 1996)); *Halford v. Missouri State Highway Patrol*, 909 S.W.2d 362, 364 (Mo.App.1995). This court's review of an administrative decision is clearly defined, and limited in scope. Our review is confined to whether the administrative decision was supported by competent and substantial evidence on the whole record, as well as whether it was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *See* § 536.140, RSMo 1994; *Overland Outdoor Advertising Co., Inc. v. Missouri State Highway Comm'n*, 616 S.W.2d 563, 566 (Mo.App.1981) (citations omitted).

Agency findings of fact are given great deference as the fact-finding process is a function of the agency, and "if evidence would warrant either of two opposed findings, an appellate court must uphold the factual determinations the agency has made." *Fritzshall v. Board of Police Comm'rs*, 886 S.W.2d 20, 23 (Mo.App.1994)(citing *Overland Outdoor*, 616 S.W.2d at 566). As such, "[t]he weight of the evidence is therefore not an issue on judicial review of an administrative hearing decision." *Overland Outdoor*, 616 S.W.2d at 566. However, it is necessary for appellate review to show how the controlling issues have been decided. *Mobil Oil Corp. v. State Tax Comm'n of Mo.*, 513 S.W.2d 319, 324 (Mo.1974). "In any case, [the] finding should be sufficient to show how the controlling issues have been decided." *Iron County v. State Tax Comm'n*, 480 S.W.2d 65, 70 (Mo.1972)(citing *Michler v. Krey Packing Co.*, 363 Mo. 707, 253 S.W.2d 136, 142 (1952)).

A controlling issue before the Police Board was described by the Hearing Officer and the circuit court as "the extenuating circumstances." These circumstances bear on the reasonableness of Richardson's order and Holt's refusal to obey that order. The Police Board, in its appeal to this court, acknowledges that Holt offered "mitigating evidence" and that the evidence "of his intoxication provided two competing versions of events...." The mitigating evidence of Holt's intoxication, its effect on the events of that day, and Richardson's need to retrieve Holt's badge and identification card that evening, were not addressed in the Police Board's findings.

Although Holt does not dispute that Richardson ordered him to turn in his badge and identification, which he failed to do at the time of the order, Holt contends that the "extenuating circumstances" were critical to the events that occurred that evening. Holt testified that prior to his telephone conversation with Richardson, he had consumed several beers. There was evidence that Holt did not remember all of the events that evening, including the order to turn in his badge and identification card. Expert testimony substantiated Holt's testimony that his condition was such that he likely "blacked out." Holt acknowledged his alcohol dependency and has sought and received treatment for the problem.[2] The Police Board's sole finding of fact on this issue was that since the date of the incident, Holt had sought treatment for alcohol dependency. The Police Board's sole finding of fact, on the issue of Holt's alcohol use as it relates to this matter was:

> Since the date of this incident, Officer Holt has sought treatment for alcohol dependency. He did state that on October 1, 1993, prior to either of his telephone call or meetings with Lieutenant Richardson, Sergeant McCraw, Sergeant Hollins, Sergeant Risk and Sergeant Jones he had consumed several beers.

No other findings were made concerning Holt's alcohol consumption.[3] All of the other findings of fact that the Police Board did make were agreed-to facts or uncontested facts.

■ "Just how far the administrative agency must go in setting forth subsidiary facts depends upon the case and the issues presented for determination." *Missouri Veterans Home v. Bohrer,* 849 S.W.2d 77, 80 (Mo.App.1993)(citing *Glasnapp v. State*

*Banking Bd.,* 545 S.W.2d 382, 387 (Mo.App. 1976)). "[T]he findings must be sufficiently specific to enable the court to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." *Glasnapp,* 545 S.W.2d at 387.

For example, in the case of *Webb v. Board of Police Comm'rs of Kansas City,* this court reviewed the Kansas City Police Board's decision to terminate Webb's employment based on his absence from work. 694 S.W.2d 927, 928 (Mo.App.1985). The *Webb* court ruled that the Police Board's relevant finding of fact—that Webb "absented himself without proper authorization from scheduled duty on five consecutive days in April of 1982"— gave "no clue as to what facts the Board did find as a result" of the contested issue of whether Webb was physically able to work. *Id.* at 928–29. The result was that such finding made it impossible for a reviewing court to determine whether the action of the agency (the Police Board) was supported by substantial evidence. *Id.*

Furthermore, the *Webb* court examined several Missouri Court of Appeals decisions, and determined that "the reviewing court is not permitted to consider that the agency found the facts in accordance with the result reached." *Id.* at 928 (citations omitted). There were multiple facts presented to the Police Board and we must speculate as to whether the Police Board considered the facts in dispute.

■ Thus, the facts on which the Police Board based its decision must be articulated so that the reviewing court is able to pass on the reasonableness of its decision. The police department rules provide that the discipline which may be assessed for failure to obey a superior officer range from reprimand

---

**2.** Holt sought treatment for his alcohol dependency from Dr. Fred Gaskin, a board certified psychiatrist specializing in alcohol and addictions. Dr. Gaskin testified by deposition. His testimony was that he was Holt's treating physician while he was a patient at the Hyland Program, an alcohol and drug addiction rehabilitation program, where Holt received treatment for alcohol dependence commencing October 6, 1993. Holt was diagnosed as being in a state of depression. He was also diagnosed with an obsessive compulsive disorder which, the doctor observed, Holt medicated with alcohol. The doctor testified, based upon a reasonable medical

certainty, that Holt's alcohol dependence either caused or contributed to the behavior he displayed while talking to his sergeant and lieutenant, as well as caused or contributed to his failure to remember the lieutenant's order.

**3.** The Police Board did state that there was testimony from Richardson and McCraw that the cursing and threats made by Holt were "in no way influenced by his intoxication or dependency on alcohol." A reference to the testimony is not a finding of fact.

to termination. The Police Board's single finding of fact regarding Holt's extenuating circumstance, does not provide a basis for us, as the reviewing court, to perform our limited function of reviewing the agency's decision, because it does not indicate how the controlling issues have been decided. *See Iron County,* 480 S.W.2d at 70.

Holt also argues that this court should exercise its own judgment, and draw its own conclusions, from the Police Board's findings of fact. *See Missouri Dept. of Social Serv., Div. of Med. Serv. v. Great Plains Hosp., Inc.,* 930 S.W.2d 429, 433 (Mo.App.1996). The effect of Holt's alcoholism, his alleged "black outs," and the level or effect of his intoxication during the incident are, as we have stated, determinations of fact that are left for the agency to resolve, not a reviewing court. *Overland Outdoor,* 616 S.W.2d at 566.

The judgment of the circuit court is affirmed. The case is remanded to the circuit court to remand the case to the Police Board with directions to make findings of fact and conclusions of law in accordance with this opinion, based on the evidence already presented or alternatively to reopen the hearing, if appropriate, and to hear additional evidence and then, enter its order.

BRECKENRIDGE, J., concurs.

LOWENSTEIN, Judge, dissenting.

I respectfully file this dissent. Although the findings of the Board are sparse, due to the admitted facts here, there really is not much more the agency could do here by way of additional fact finding. The officer was belligerent, graphically profane, and confrontational with fellow officers and superiors from morning till sometime in the evening. He admitted drinking all this time and having been drunk. It was perfectly understandable why superior officers became alarmed by Holt's continued conduct, and why they were intent on relieving him of his badge and weapon.

When this matter is returned to the Board, what are they to add, other than Holt's conduct was unbecoming an officer and constituted a failure to follow a reasonable order of a commanding officer? Must the Board make a finding on the reason for Holt's conduct, other than his drinking? Neither his

mental intent or condition at the time of his conduct, nor whether he was inebriated or sober, is under these facts, relevant or decisive. Unlike *Webb,* the findings of fact do give a clue as to what facts the Board found regarding Holt's claim of extenuating circumstances. The Board found that Hold had consumed several beers on the day of the incident, and that since then he has sought treatment for alcohol dependency. The conduct of the officer is admitted and reduced to findings of fact. What is important is the police department made an effort to diffuse a bad situation which had been created by an officer out of control, whether the conduct was self-induced or because of a condition or disability of Officer Holt is irrelevant.

In the interest of judicial economy, I would reverse the judgment of the circuit court and affirm the Board's result. *State ex rel. Garrison Wagner Company v. Schaaf,* 528 S.W.2d 438, 442 (Mo. banc 1975); *Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d 193, 196 (Mo. banc 1972).