IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 24, 2001

## ELIZABETH ELAINE HICKMAN, ET AL. v. CELIA VERNELL JORDAN, ET AL.

**Direct Appeal from the Circuit Court for Madison County**
**No. C99-353     Roger A. Page, Judge**

---

**No. W2000-03070-COA-R3-CV - November 28, 2001**

---

This dispute stems from an accident in a restaurant parking lot in which a pedestrian, the plaintiff, was struck by a vehicle driven by the defendant, who was backing-up through the parking lot. The jury in this case found the defendant driver not at fault. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Dwayne D. Maddox, III, Huntingdon, Tennessee, for the appellants, Elizabeth Elaine Hickman and John Robert Hickman.

Wesley A. Clayton and Greg A. Petrinjak, Jackson, Tennessee, for the appellees, Celia Vernell Jordan and Dr. F. E. Jordan.

**OPINION**

The determinative facts in this case are undisputed. The accident in which the plaintiff, Elizabeth Elaine Hickman, was injured occurred at lunch hour in the parking lot of Dumplin's restaurant in Jackson, Tennessee. Witnesses testified that Dumplin's was busy at the time, and that the parking lot was full. The defendant, Celia Vernell Jordan, arrived at Dumplin's shortly before 1:00 p.m., driving a Toyota Land Cruiser. Ms. Hickman and her mother-in-law had exited the restaurant and were between two parked cars at the edge of the parking lot, waiting to cross to their car, when Ms. Hickman saw Ms. Jordan drive through the parking lot in search of a parking space. When Ms. Jordan had gone some distance down the lot, Ms. Hickman again looked in both directions and, seeing no cars heading toward her, proceeded to cross the parking lot. Meanwhile, Ms. Jordan had reached the end of the lot and, since there is no room to turn a vehicle around, began to back-up through the parking lot, still looking for a vacant parking space. Ms. Jordan stated that

she checked her two outside mirrors and the inside rear view mirror before she began backing-up. She also testified that she checked over her right shoulder, and continued to look over her right shoulder as she backed down through the middle of the parking lot. Ms. Jordan further stated that she did not check over her left shoulder. She testified that she had not seen any pedestrians as she first drove forward through the parking lot or as she backed-up. Ms. Hickman was struck on her left side and knocked to the ground when she and the back end of the driver's side of Ms. Jordan's vehicle collided.

Ms. Jordan testified that she first realized she had hit something when she heard a thud. She then stopped and could see Ms. Hickman sitting in the roadway through her driver's side rearview mirror. Ms. Jordan agreed that her vehicle, a Toyota Land Cruiser, sits "fairly high" off the ground; Ms. Hickman is under five feet tall.

Ms. Hickman testified that she had looked both ways down the parking lot before proceeding across it, that she had seen Ms. Jordan's vehicle pass, and that the vehicle was about eight car widths down the parking lot when she and her mother-in-law began across the lot. Ms. Hickman did not see Ms. Jordan's vehicle again from the point she saw it some eight car widths down the parking lot. She further testified that she had turned to her right to speak to her mother-in-law, who was about two steps behind her, when she was hit and knocked to the ground. She did not see the vehicle coming toward her before being hit.

### *Issue*

The issue of this appeal is whether there is any material evidence to support the finding by the jury that the defendant, Celia Vernell Jordan, was not at fault in this case.

### *Standard of Review*

This case was a jury trial. Findings of fact by a jury shall be set aside only if there is no material evidence to support the verdict. Tenn. R. App. P. 13(d). This Court will not reweigh the evidence, but will take the strongest view possible of the evidence in favor of the prevailing party and discard evidence to the contrary. *Smith County v. Eatherly*, 820 S.W.2d 366, 369 (Tenn Ct. App. 1991). We will allow all reasonable inferences to uphold the jury's verdict, setting it aside only if there is no material evidence to support it. *Id.* This standard of review safeguards the constitutional right to a trial by jury. *Miller v. Berry*, 457 S.W.2d 859, 862 (Tenn. Ct. App. 1970).

In an action for negligence, the plaintiff must prove five elements: (1) a duty of care owed to the plaintiff by the defendant; (2) conduct by the defendant constituting breach of that duty; (3) injury or loss to the plaintiff; (4) that the defendant's conduct was the cause in fact of the plaintiff's injury; (5) that the defendant's conduct was the proximate or legal cause of the injury. *Waste Management, Inc. of Tennessee v. South Central Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997). If there is any material evidence to support the jury's finding that Ms. Jordan was not at fault, we must affirm.

The duty of care is a legal obligation to act as a reasonably prudent person to protect against an unreasonable risk of harm to others. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Once it has been determined that a defendant owed the plaintiff a duty of reasonable care, the issue becomes whether the defendant has exercised reasonable care under the circumstances. *Id.* In other words, the question becomes whether the defendant acted as a reasonably prudent person would act under the circumstances. *See id.* If the defendant has not exercised reasonable care, then he has breached his duty to the plaintiff and is liable for his negligence. *See id.* at 153-54.

Both common sense and the Tennessee Code create an obligation on the part of drivers of automobiles to exercise due care. Section 55-8-136 of the Tennessee Code provides, "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . ." Tenn. Code Ann. § 55-8-136 (1998). The Code further provides: "The driver of a vehicle shall not back such vehicle unless such movements can be made with reasonable safety and without interfering with other traffic." Tenn. Code Ann. § 55-8-163 (1998). Since this accident occurred on private property, neither the statutory rules of the road nor the common law rules pertaining to public roadways are applicable. However, the duties and liabilities of drivers are governed by the basic principles of common law negligence requiring each person to exercise ordinary and reasonable care under the circumstances. The statutory requirements help to determine the minimum standard of care. *Miller*, 457 S.W.2d at 862-63. Conditions such as those found in a crowded parking lot may require a driver to use an even greater degree of care. *Id.* The duty of a driver has been summarized as "a duty to keep a reasonably careful lookout commensurate with the dangerous character of the vehicle and the nature of the locality . . . ." *Hale v. Rayburn*, 264 S.W.2d 230, 233 (Tenn. Ct. App. 1953). However, negligence is not presumed from the mere fact of an accident or injury. *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992). When there is conflicting evidence or if different conclusions may reasonably be reached, the question of fault is for the jury. *See Hale*, 264 S.W.2d at 233.

As noted above, Ms. Hickman testified that she was emerging from between parked cars to cross a full parking lot when she collided with Ms. Jordan's vehicle. She did not see Ms. Jordan's vehicle backing-up through the parking lot, and was not aware that it was coming toward her until she was hit on her left side and knocked to the ground. At the time of the collision, she was turned toward her right to speak to her mother-in-law, who was following a few steps behind. Ms. Jordan testified that she did not see the pedestrians, despite checking all of her rearview and side mirrors and looking over her shoulder as she backed-up. Moreover, the configuration of Dumplin's parking lot is such that when the lot is full, a driver who has reached the end of the lot has no option other than to back-up, since there is no room to turn a vehicle around. Neither Ms. Hickman nor Ms. Jordan saw the other until Ms. Hickman had actually been struck. There was no evidence that Ms. Jordan was traveling at an unreasonable speed.

Reasonable minds may differ as to whether Ms. Jordan exercised the heightened degree of care necessary under the circumstances here. Where reasonable minds may differ, the question of fault is for the jury to decide. The facts of this case as outlined above provide material evidence to support the jury's finding that Ms. Jordan was not at fault. We therefore affirm. Costs of this appeal

are taxed to the Appellants, Elizabeth Elaine Hickman and John Robert Hickman, and their surety, for which execution may levy if necessary.

    _____
    DAVID R. FARMER, JUDGE