# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 21, 2016 Session

## VOLODYMYR HELYUKH, ET AL. v. BUDDY HEAD LIVESTOCK & TRUCKING, INC., ET AL.

**Appeal from the Circuit Court for Henderson County**
**No. 12095     Roy B. Morgan, Jr., Judge**
_____

**No. W2015-01354-COA-R3-CV – Filed April 24, 2017**
_____

The plaintiffs appeal the grant of summary judgment in a negligence case. One of the plaintiffs, a truck driver, suffered injuries stemming from a collision with another tractor-trailer owned by the defendant and operated by its employee. The plaintiffs claimed that the employee's negligence proximately caused the accident. The owner of the overturned tractor-trailer moved for summary judgment on the ground that the plaintiffs could not establish that its employee's conduct fell below the applicable standard of care. The trial court agreed and granted summary judgment. On appeal, the plaintiffs argue, among other things, that owner of the overturned tractor-trailed failed to meet its burden of production in moving for summary judgment. Because we conclude that the movant failed to demonstrate the absence of material facts that would create genuine issues for trial, we reverse the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and KENNY ARMSTRONG, J., joined.

Ronald J. Berke, Jeremy M. Cother, and Charles A. Flynn, Chattanooga, Tennessee, for the appellants, Volodymyr Helyukh, and Mariah Helyukh.

R. Dale Thomas and Matthew R. Courtner, Jackson, Tennessee, for the appellee, Buddy Head Livestock & Trucking, Inc.

Gary M. Kellar and Lucas E.W. Jerkins, Nashville, Tennessee, for the appellee, Northland Insurance Company.

# OPINION

## I.

On November 16, 2011, Volodymyr Helyukh, a long-distance truck driver, sustained injuries when he collided with an overturned tractor-trailer on Interstate 40 in western Tennessee. The overturned vehicle was owned by Buddy Head Livestock & Trucking, Inc. and operated by its employee, Michael Heller. Mr. Helyukh testified in his deposition that he was driving west within the posted speed limit on Interstate 40 when he suddenly saw what he thought was a "wall" blocking both lanes of travel. Unable to stop or avoid the obstacle, Mr. Helyukh collided with the overturned vehicle. He did not know what events transpired to cause the tractor-trailer to overturn.

### A. PROCEDURAL HISTORY

On May 24, 2012, Mr. Helyukh and his wife[1] filed this action against Buddy Head Livestock, Michael Heller, USF Holland, Inc., and Jack Grady. Plaintiffs alleged that Mr. Heller's negligence[2] was the proximate cause of Mr. Helyukh's injuries and that Buddy Head Livestock was responsible for that negligence because Mr. Heller was driving the tractor-trailer in the course of his employment.

According to the complaint, a third tractor-trailer, driven by Mr. Grady and owned by USF Holland, was also traveling west along the same stretch of interstate during the relevant time period. Plaintiffs included Mr. Grady and USF Holland in this action because Buddy Head Livestock and Mr. Heller claimed that Mr. Grady forced Mr. Heller off the road and contributed to the accident.

In its initial answer, Buddy Head Livestock admitted that Mr. Heller was an employee[3] and that, as his employer, the company was liable for any negligence on the part of Mr. Heller but denied that Mr. Heller was negligent. The company also admitted that Mr. Heller left his lane of travel after being forced off the road by another vehicle and that the vehicle in question "may have been" driven by Mr. Grady or "may have been" a vehicle driven by an unidentified driver. Buddy Head Livestock affirmatively

---

[1] Mrs. Helyukh alleged a claim for loss of consortium and payment of her husband's medical bills.

[2] Plaintiffs also asserted that Mr. Heller's violation of numerous motor vehicle statutes constituted negligence per se.

[3] This record indicates that, at some point during the pendency of this case, Mr. Heller ceased working for Buddy Head Livestock.

asserted the comparative fault of Mr. Helyukh, Mr. Grady, and the unidentified driver.

On September 16, 2013, the court granted Buddy Head Livestock leave to amend its answer. In the amended answer, the company asserted that Mr. Heller was forced off the road by an unidentified vehicle and eliminated all references to Mr. Grady and USF Holland. Subsequently, Plaintiffs voluntarily dismissed Mr. Grady and USF Holland from the lawsuit.

At the outset of this case, the court issued a scheduling order setting deadlines for discovery and dispositive motions, among other things. The court amended the scheduling order to allow more time for discovery, at the joint request of the parties, three times. In addition, in August 2014, Buddy Head Livestock successfully moved for a fourth amended scheduling order that extended the discovery deadline to February 27, 2015.

Although Plaintiffs voluntarily dismissed Mr. Heller from this case after they were unable to serve him with process, they successfully served him with a subpoena for a deposition on October 3, 2013. For reasons not apparent from this record, the deposition did not take place as scheduled. Plaintiffs had another subpoena issued for Mr. Heller on approximately June 20, 2014. Despite hiring a private process server, Plaintiffs were unable to serve the subpoena. Thereafter, counsel for Plaintiffs and Buddy Head Livestock discussed potential deposition dates for Mr. Heller, but Plaintiffs never had another subpoena issued.

## B. BUDDY HEAD LIVESTOCK'S MOTION FOR SUMMARY JUDGMENT

On March 13, 2015, Buddy Head Livestock filed a motion for summary judgment on the ground that Plaintiffs could not establish that Mr. Heller had breached his duty to exercise reasonable care. For support, Buddy Head Livestock filed affidavits from Mr. Heller and Charles Atkinson, an accident reconstructionist, and portions of the Plaintiffs' depositions. The motion was scheduled to be heard on May 11, 2015.

Thereafter, Plaintiffs attempted to schedule Mr. Heller's deposition, but defense counsel refused to agree to a deposition date because the discovery deadline had passed. Six days before the scheduled hearing, Plaintiffs filed two motions: (1) a motion to continue the hearing and amend the scheduling order to extend the discovery deadline; and (2) a motion for sanctions against Buddy Head Livestock for failure to supplement discovery responses. On that same date, Plaintiffs responded to Buddy Head Livestock's statement of undisputed material facts and submitted a statement of additional material facts.

3

Buddy Head Livestock argued that it was entitled to entry of summary judgment because Plaintiffs could produce no evidence that contradicted Mr. Heller's description of the accident. In his affidavit, Mr. Heller stated:

On November 16, 2011, I was traveling westbound on Interstate 40 in Henderson County, Tennessee. I was traveling at approximately 68 miles per hour. I was initially traveling in the right lane. I came upon three tractor trailers that were traveling slowly, and I switched to the left lane to pass.

I had passed the first two tractor trailers, but as I was passing the third tractor trailer, the third tractor trailer began veering into my lane of travel. I moved my truck toward the left shoulder and sounded my horn, but the third tractor trailer continued to come into my lane of travel. This third tractor trailer forced me off the road.

As a result of being forced off the road by the third tractor trailer, I exited my lane of travel and ran my truck off the road. When my truck left the roadway, I was traveling at 68 miles per hour and began braking immediately. I then traveled back onto the roadway and my tractor trailer rolled onto its side, blocking the roadway. My tractor trailer had just come to a complete stop when I was struck by Volodymyr Helyukh.

I do not know the identity of the third tractor trailer that ran me off the road or its driver.

Mr. Atkinson's affidavit essentially confirmed Mr. Heller's story. Mr. Atkinson opined that "the angle that Michael Heller, the driver of Buddy Head Livestock's tractor trailer, departed the inside lane of I-40 westbound onto the inside shoulder and center median is consistent with Mr. Heller being forced to the left and off the interstate by a commercial vehicle changing lanes." He also opined that Mr. Heller's speed was not a contributing factor in the accident.

In response, Plaintiffs questioned the adequacy of Mr. Heller's affidavit and the "accuracy and scientific certainty" of Mr. Atkinson's conclusions. Plaintiffs argued that Mr. Heller's affidavit was not credible because the police report did not indicate that Mr. Heller was forced off the road, and Buddy Head Livestock's original answer had asserted that Mr. Heller was forced off the road by Mr. Grady.

## C. CIRCUIT COURT ORDERS

At the hearing, the court first heard argument on Plaintiffs' motions to continue and for sanctions. Based on the considerable period of time that had elapsed in the case,

4

defense counsel's objections, and the lack of evidence of wrongdoing, the court found no just cause for a continuance and thus denied the request. The court also denied Plaintiffs' motion for discovery sanctions because Plaintiffs had never sent any discovery requests to Buddy Head Livestock.[4]

After hearing argument on the motion for summary judgment, the court found that the moving party had demonstrated that Plaintiffs could not establish a breach of duty and that Plaintiffs did not respond with any admissible evidence of a material factual dispute. On June 23, 2015, the court issued an order granting Buddy Head Livestock summary judgment, which the court certified as final under Rule 54.02 of the Tennessee Rules of Civil Procedure.

## II.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, the burden shifts to the nonmoving party to "demonstrate . . . that there is a genuine, material fact dispute to warrant a trial." *Id.*

In this case, the party moving for summary judgment does not bear the burden of proof at trial. The burden-shifting analysis to be employed by courts tasked with deciding a motion for summary judgment in such situations is the same as that employed in the federal system. "[T]he moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452 (2016). Satisfying this burden requires more than a "conclusory assertion that summary judgment is appropriate," rather the movant must set forth specific material facts as to which the movant contends there is no dispute. *Id.*

If a motion for summary judgment is properly supported, the nonmoving party must then come forward with something more than the allegations or denials of its pleadings. *Id.* at 265. The nonmoving party must "by affidavits or one of the other

---

[4] Plaintiffs' motion was based on Buddy Head Livestock's failure to supplement its responses to interrogatories propounded by USF Holland, who was no longer a party to the case.

means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Id.* (quoting Tenn. R. Civ. P. 56.06).

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. Accordingly, we must review the record de novo and make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

On appeal, Plaintiffs[5] raise several issues, but we conclude one issue is dispositive.[6] Of course, mere evidence of an accident does not establish liability. *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992). A negligence claim requires proof of five elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). This appeal focuses solely on the second element, breach of the duty of care, and whether Buddy Head Livestock affirmatively negated that element through the affidavit of its employee.

All drivers must act with reasonable care to avoid foreseeable injury to others. Tenn. Code Ann. § 55-8-136(b) (2012); *Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001). Whether a driver has exercised reasonable care must be evaluated in light of the circumstances and will vary according to the risk entailed in a particular situation. *Hickman*, 87 S.W.3d at 499. For instance, reasonable care on a deserted rural road may differ from reasonable care during rush hour in the rain. *See Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003) ("[D]eterminations regarding whether particular conduct conforms to the common-law standard of conduct are made on a case-by-case basis.").

Buddy Head Livestock argues that it is undisputed that Mr. Heller operated with reasonable care because Plaintiffs lack personal knowledge of why the tractor-trailer overturned. *See Phillips v. Strange Truck Lines*, No. E2007-00160-COA-R3-CV, 2008 WL 803129, at *2 (Tenn. Ct. App. Mar. 27, 2008) (affirming grant of summary judgment to the defendant when the plaintiff was unable to present evidence to contradict

---

[5] Northland Insurance Company, Plaintiffs' underinsured motorist carrier, filed a brief in this matter, raising issues from the proceedings in the trial court that were not addressed in the final order that is the subject of this appeal. We have determined that these issues are not properly before this Court.

[6] Because of this, we decline to address the other issues raised by Plaintiffs.

defendant's evidence that its driver had exercised reasonable care).  Before we can address the sufficiency of the non-moving party's opposing evidence, however, we must consider whether the moving party met its burden of "demonstrating the absence of material facts creating genuine issues for trial." *See McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 587 (Tenn. 1998) (holding the lower court erroneously focused on the non-moving party's burden without first determining whether that burden was triggered).

The evidence shows that Mr. Helyukh was traveling west on Interstate 40 when he suddenly encountered Buddy Head Livestock's tractor-trailer overturned across the road. Mr. Helyukh conceded he had no personal knowledge of how the tractor-trailer overturned.  Mr. Heller's affidavit[7] established that: (1) he was not speeding; (2) immediately before the accident, he had exited the roadway to the left to avoid a collision with an unidentified driver; and (3) when he attempted to re-enter the roadway, his tractor-trailer overturned.  Mr. Atkinson provided his opinion that the angle at which the Buddy Head Livestock's tractor-trailer exited the roadway was consistent with Mr. Heller's story and that Mr. Heller's speed did not contribute to the accident.

In evaluating whether Mr. Heller used reasonable care, the mere fact that he may have been confronted with a sudden emergency, such as a vehicle unexpectedly entering his lane of travel, does not excuse him from liability.  The sudden emergency doctrine "recognizes that a person confronted with a sudden or unexpected emergency which calls for immediate action is not expected to exercise the same accuracy of judgment as one acting under normal circumstances who has time for reflection and thought before acting." *McCall*, 913 S.W.2d at 157.  The doctrine has been subsumed within our system of comparative fault.  *Id.*  Thus, the actions of the third tractor-trailer are simply part of the circumstances to be considered when determining whether Mr. Heller acted reasonably.[8]

---

[7] Plaintiffs also opposed the motion for summary judgment by questioning Mr. Heller's credibility.  *See Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 942 (Tenn. Ct. App. 1984) ("[D]oubt as to the credibility of material witnesses will create a genuine issue of material fact sufficient to render granting a summary judgment improper.").  We conclude that the credibility issues alleged by Plaintiffs do not rise to a level above the "normal credibility questions that arise whenever a witness testifies." *Hepp v. Joe B'S, Inc.*, No. 01A01-9604-CV-00183, 1997 WL 266839, at *3 (Tenn. Ct. App. May 21, 1997).

[8] Even under prior law, the party seeking to invoke the sudden emergency doctrine was required to exercise reasonable care.  *See Kowalski v. Eldridge*, 765 S.W.2d 746, 749 (Tenn. Ct. App. 1988) ("The party asserting the sudden emergency doctrine must be free of fault in creating the emergency in whole or in part."); *Irvin v. City of Kingsport*, 602 S.W.2d 495, 498 (Tenn. Ct. App. 1980) ("The arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care under the circumstances.").

Summary judgment is inappropriate if the evidence in the record is conflicting or if differing conclusions may reasonably be reached from the evidence. *Id.* at 153. Viewing the evidence in the light most favorable to the nonmoving party, we cannot say that a reasonable person could reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Mr. Heller provided an explanation for why the tractor-trailer overturned, but his affidavit does not foreclose differing conclusions about whether his conduct was reasonable. A reasonable juror could conclude that Mr. Heller's conduct fell below the applicable standard of care in several ways: (1) choosing to pass the three tractor-trailers; (2) choosing to sound his horn and move to the left shoulder instead of slowing to allow the third tractor-trailer to safely change lanes; (3) choosing to return to the roadway either in light of the approaching vehicles or without checking for approaching vehicles; or (4) losing control of the tractor-trailer when he attempted to return to the road.

We find Buddy Head Livestock's reliance on the *Phillips* case unpersuasive. *Phillips*, 2008 WL 803129, at *2. Although the court in *Phillips* affirmed the grant of summary judgment in favor of the defendant because the plaintiff had no personal knowledge of any negligent driving by the defendant's driver, the court reached its conclusion only after finding the defendant had met its burden of affirmatively negating the essential element of breach of duty. *Id.* In contrast to this case, the *Phillips'* defendant established that the driver was not speeding, his "vehicle was equipped with the appropriate lights, all of which were operable and on," and he "did nothing untoward that caused or contributed to the collision." *Id.* Buddy Head Livestock did not produce the same level of proof.

Because reasonable persons could differ as to whether Mr. Heller acted reasonably under the circumstances he described in his affidavit, Buddy Head Livestock did not affirmatively negate an essential element of Plaintiffs' claim, and Plaintiffs' burden to produce evidence establishing the existence of a genuine issue for trial was not triggered. Therefore, the trial court erred in granting summary judgment. *See Blair*, 130 S.W.3d at 768.

## III.

For the foregoing reasons, we reverse the grant of summary judgment and remand this case for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

8